BAILEY *v.* STATE.

(*Knoxville.* October 3, 1895.)

SUPREME COURT. *Jurisdiction.*

This Court acquires no jurisdiction where an appeal is prayed, but not granted, and will strike the cause from the docket.

Code construed: § 3876 (M. & V.); § 3259 (T. & S.).

Cases cited and approved: Craighead *v.* Rankin, 6 Bax., 131; O'Riley *v.* Zollicoffer, 4 Yer.. 298; Childress *v.* Marks, 2 Bax., 12; Snyder *v.* Summers, 1 Lea, 482.

---

FROM SEVIER.

---

Appeal in error from Circuit Court of Sevier County. W. R. HICKS, Judge.

T. S. RAMBO, W. W. MULLENDORE, W. A. PARTON for Bailey.

Attorney-general PICKLE for State.

CALDWELL, J. B. B. Bailey was convicted and fined fifty dollars, in the Circuit Court of Sevier County, for unlawfully carrying arms. He has appealed to this Court, by counsel, asking a reversal and new trial.

The case is not properly in this Court, because no appeal was granted in the Court below. All that appears in the transcript on the subject of appeal, is found in an entry upon the minutes of that Court, which is as follows: ''From the action of the Court in refusing to set aside the verdict and grant a new trial, the defendant excepts, and prays an appeal to the Supreme Court, sitting at Knoxville.'' That entry is fatally defective, in that it fails to show, additionally, that the prayer for appeal was granted. It shows the requisite action on the part of the defendant, but no action, in response, on the part of the Court. Both prayer offered by the former and granted by the latter, were indispensable. Code (M. & V.), § 3876; History of a Lawsuit (Martin's Ed.), Secs. 280, 287; *Craighead* v. *Rankin*, 6 Bax., 131; *O'Riley* v. *Zollicoffer*, 4 Yer., 298; 2 Bax., 12; 1 Lea, 482; 2 Enc. Pl. & Pr., 203–4.

Strike the case from the docket.