CODY v. ROANE IRON Co.

(*Knoxville.* October 23, 1900.)

1. INFANT. *Authority of next friend.*

The next friend, by whom an infant's action for damages has been prosecuted to judgment, has no authority to receive the amount recovered, or to satisfy the judgment. That can be done by the regular guardian alone, during the infant's minority, and by the infant himself, after his majority.

Cases cited: Miles *v.* Kaigler, 10 Yer., 10; Benton *v.* Pope, 5 Hum., 392; Barbee *v.* Williams, 4 Heis., 522; Green *v.* Perkins, 3 Lea, 494.

2. SAME. *Satisfaction of judgment by next friend set aside.*

An admission of record of satisfaction of a judgment confessed in favor of an infant, made by his next friend, will be set aside in equity, at the suit of the plaintiff therein after his majority, and the judgment enforced in his favor, except as to a reasonable fee paid to his attorney for services rendered in obtaining the judgment.

3. SAME. *Judgment confessed in favor of, not set aside, when.*

Confession of judgment in favor of an infant will not be held to be conditioned upon a confession of satisfaction thereof by his next friend, although both are embraced in one and the same entry of record. And the confessed satisfaction will be set aside as illegal and unauthorized, while the confessed judgment will be permitted to stand and be enforced.

---

FROM ROANE.

---

Appeal in error from Circuit Court of Roane County. GEO. W. HENDERSON, J.

CHAMBERS, McQUEEN & NICHOLAS and J. E. CASSADY for Cody.

WRIGHT & WRIGHT for Roane Iron Co.

CALDWELL, J. While a minor, William Cody, by next friend, sued the Roane Iron Co in the Circuit Court of Roane County, to recover damages for injuries which he alleged it had wrongfully and negligently inflicted upon his person. The defendant pleaded not guilty, and at the trial term the following final entry was made on the minutes of the Court, namely:

"*William Cody, by next friend,* v. *Roane Iron Company.*—Damages. Came the parties by their attorneys and thereupon defendant withdraws his plea filed in this cause, and confesses judgment in favor of the plaintiff for the sum of five hundred dollars damages, and the · plaintiff accepts said sum in full of all demands sued for in this cause, as a final adjustment and compromise of all right of action. It is therefore considered by the Court that the plaintiff recover of the defendant said sum of five hundred dollars, together with all the costs of this cause, and plaintiff confessing to have received said sum of five hundred dollars, execution will only issue for the costs of this cause."

In reality $450 of this recovery was by the defendant paid to the next friend, and the remaining $50 to the attorney of the plaintiff, and no

Cody v. Roane Iron Co.

part of it was ever received by William Cody himself.

After attaining his majority he filed this bill to set aside the recited satisfaction and enforce the collection of the recovery mentioned, upon the ground that no part thereof had ever in fact been paid to him, and that the payment to others could not prejudice his rights.

The defense of the company was disclosed in its insistence that the recital of satisfaction is an integral and essential part of the Court's entry, which as a whole it says is a judicial contract, and, therefore, that if the satisfaction be vacated the recovery must likewise . be annulled, and both parties restored to their original rights.

The Special Chancellor dismissed the bill, but the Court of Chancery Appeals reversed his decree and granted the relief sought as to the $450 paid to the next friend.

The decree of the latter tribunal is correct.

The next friend of a minor has no legal authority as such to receive money due on the judgment he recovers. That right belongs alone to the regular guardian during the continuance of minority, or to the beneficiary himself after attaining his majority, and a payment made to the next friend will not operate as a satisfaction. *Miles* v. *Kaigler,* 10 Yer., 10; *Benton* v. *Pope,* 5 Hum., 392; *Barbee* v. *Williams,* 4 Heis., 522; *Green* v. *Perkins,* 3 Lea, 494, 495.

Hence the payment made to the next friend of this complainant was and is, in legal contemplation, the same as no payment at all.

Such being true, the case now before the Court is one in which there is a recited satisfaction in the face of a judgment, where, in fact and in law, no satisfaction has been had, and that recitation, if allowed to stand, must inevitably preclude the complainant from the collection of his recovery, and thereby work a great wrong and fraud upon his confessed and adjudged rights.

It is the peculiar province and pride of a Court of Equity to vouchsafe all needed and appropriate relief in such a case.

It cannot be said against the complainant that he has been guilty of any wrong or fault at any point. The loss, if any, to be sustained through the payment already made, is due alone to the joint and illegal act of this defendant and the next friend, each of whom was charged with knowledge that such payment was wholly unauthorized in law; and it is better, if such be the ultimate result, that a participant in that act pay twice, than that the only person entitled to the money, and who is entirely innocent, should not be paid at all.

It is of no avail to the defendant that the recital of satisfaction forms a part of the entry in which the recovery was awarded. That fact does not require that the two shall be annulled

or enforced together, and that neither shall be annulled or enforced separately. They are not so inseparably connected as that. Indeed, the adjudged recovery is in no sense dependent upon the recited satisfaction, but is wholly independent of it, and entirely complete without it. The recovery as such is based upon the preceding confession of liability, and not upon the subsequent confession of satisfaction.

If the entry be taken as a contract, judicial or otherwise, that confessed liability of the defendant to the plaintiff must obviously be regarded as the sole consideration for the recovery awarded. It would be utterly illogical and contradictory to say that the payment of a monetary obligation is the consideration supporting it, or that the judicial annulment of an alleged payment removes the consideration and thereby destroys the obligation; and yet there seems to be no greater foundation in reason for the contention that the recited satisfaction if this recovery is to be regarded as its consideration, and that the vacation of that recital really takes away that consideration, and should be held to nullify the recovery itself.

The $50 paid to plaintiff's attorney in the suit at law was received by him as his fee for services rendered therein. Being reasonable in amount, and the attorney having a right to a lien on the recovery, this payment was valid, and operated as a satisfaction *pro tanto.*

The Court of Chancery Appeals rightly vacated the recited satisfaction as to the remaining $450 only, and pronounced a decree for that sum with interest from the date of the judgment.

Affirmed.