## CHATTANOOGA-DAYTON BUS LINE, et al., v. EDYTHE LYNCH.

Eastern Section. May 25, 1927.

Petition to rehear on the additional record filed June 13, 1927. Granted and case disposed of on the merits July 23; opinion 6 Tenn. Appeal, p. 470.

W. E. Wilkerson, of Chattanooga, for plaintiff in error.
Sam H. Ford, of Chattanooga, for defendant in error.

SNODGRASS, J. In view of the conclusions reached in this case it will not be necessary to state the case further than to say, that the plaintiff in error, F. S. Wingate, was the owner of a bus and operating the same in Hamilton county, under the trade name of Chattanooga-Dayton Bus Line, and had taken out a policy of insurance with defendant, the New York Indemnity Company, under Chapter 729 of the Acts of the General Assembly of the State of Tennessee for the year 1925, which company was also made party to the suit.

The declaration was filed also against the Insurance Company by the defendant in error, who claimed that the company was also liable by reason of such an indemnity, taken out, it was alleged, for the benefit of the public, or anyone who might be injured in connection with the operation of defendant's motor driven conveyances, insisting that she had received certain injuries when the bus of defendant on which she was riding as a passenger was carelessly and negligently allowed to leave the road and turn over on its side, causing the injuries, which she described; averring also certain other specifications of negligence, and claiming damages in the sum of $5,000.

There was a general plea of not guilty and the case was heard before the judge and jury, resulting in a verdict and judgment for the plaintiff below in the sum of $5000. After a motion for a new

trial had been overruled the defendant has, allegedly, perfected an appeal to this court.

There are various errors assigned: That there is no evidence to support the verdict; that it is against the greater weight of the evidence; that it is contrary to law; that it is excessive; and that there was error in the charge of the court; all of which was denied by defendant in error, but it is insisted by defendant in error that the record fails to show the trial judge ever granted an appeal in this cause, and for this reason the case is not properly in this court. It is insisted that it will be seen by a reference to the transcript that there was no prayer for an appeal; that an appeal, to be effective, must be prayed for and granted, and that the minutes of the court must so show. Also it is contended that the judgment, under the statute, had become absolute; that no minute entry, at least within thirty days from the entry of the final judgment, appears upon the record, so as to have arrested the operation of the statute to foreclose any right of appeal had such been otherwise effective. The record discloses that the final judgment was entered on the 30th day of June, 1926; that on July 2nd, 1926 the following agreed order was entered:

"By agreement of attorneys representing both sides, the court is pleased to and does hereby give to the defendants ten days additional time in which to file a motion for a new trial, and it is so ordered."

The record does not show whether the court had any rule as to the time in which motions for a new trial should be filed, but the order shows at least that the defendants would have had ten days from the time of its entry, July 2, 1926, if the court should hold so long, so that it might have been filed on July 12th. However, the filing of the motion for a new trial, without the entry on the minutes of the court showing that a motion was filed, is insufficient. Railroad v. Edgerton, 98 Tenn. 541, 41 S. W., 1035; Ellis & Gresham v. Ellis, 92 Tenn., 471, 22 S. W., 1; Shan. Anno. Code of Tenn., Sec. 4898; Johnston v. Phillips, 4 Tenn. C. C. A., 666; Whittaker v. T. C. R. R. Co., 3 Tenn. App., 185, holding that—

"It is both necessary to make the motion for a new trial and to have a minute entry thereon within thirty days after the entry of the final judgment, in order to suspend the judgment."

We have recently held, in the case of Southern Cities Power Co. and the Public Light & Power Co. v. T. D. Gafford, Adm'r, in an opinion filed at Knoxville, that a nunc pro tunc order may evidence this entry as within the thirty days. In the case just referred to the motion had been called to the attention of the court and continued within the thirty days, though passed upon later. But a motion simply filed with the clerk and not called to the attention of the court and some action taken thereon, though filed within the thirty days,

is not made, until such attention is drawn to it and a minute order made. In the case at bar on July 2nd ten days additional time was granted in which to file a motion for a new trial, but there is nothing to show that it was ever brought to the attention of the court until August 2, 1926, more than thirty days after the rendition of the judgment. At this latter date the following order was entered:

"This cause was heard on defendants' motion heretofore filed for a new trial, which motion, after due consideration by the court, was in all things overruled and disallowed. It is therefore ordered, adjudged and decreed by the court that said motion in all things be and the same is overruled; to which action of the court in overruling their motion for a new trial defendants excepted, and by order of the court they are given (30) thirty days in which to prepare a bill of exceptions, make appeal bond or otherwise perfect their appeal."

It does appear from the bill of exceptions that a motion for a new trial had been filed with the clerk on July 14, 1926, and that there appears from a bond filed by the Chattanooga-Dayton Bus Line on Aug. 24, 1926, the following recitals:

"Know all men by these presents that we, Chattanooga-Dayton Bus Line as principal, and Bachman & Wilkerson as surety, are held and firmly bound unto Edith Lynch, in the sum of two hundred and fifty ($250) dollars.

"To be void on condition that the said Chattanooga-Dayton Bus Line shall successfully prosecute an appeal prayed by it to the next term of the Court of Civil Appeals to be held at Knoxville, Tennessee, from a judgment for the sum of $5,000 rendered against said defendant, Chattanooga-Dayton Bus Line, and in favor of said Edith Lynch on the 30th day of June, 1926, by the said Circuit Court of Hamilton County, Tennessee, or shall pay all costs and damages that may be adjudged against said defendant, Chattanooga-Dayton Bus Line by reason of said appeal.

"Otherwise to be and remain in full force and effect."

While undoubtedly it has been more than once held, from the numerous citations in defendants' in error's brief, that in order to give jurisdiction to the appellate court of the case on appeal, the record minutes must show that an appeal was both prayed for and granted, yet in the case of Bank v. Johnson, 105 Tenn. 520, 59 S. W. 131, it was held that this need not be directly shown by the entry; that one of these essential facts (and by a parity of reasoning both of them) may be shown indirectly in, that where the final decree recites prayer for appeal, and gives time to "make and file an appeal bond," bond being afterwards given, it sufficiently shows that the appeal was granted. The court said in that case:

"We think that the allowance of time by the Chancellor for the defendant to give bond is equivalent to a recital that the appeal was granted, for otherwise the Chancellor would certainly not have given time to make the appeal bond. So that we hold the appeal bond in this case was granted."

It is true that the order somewhat indirectly recites a prayer for appeal, but we think the statement that they were given time to "perfect their appeal," shows that one had been prayed for. The most serious question, however, is raised by the insistence that this granting of the appeal at the time was coram non judice. The record does not show that a motion for a new trial was made and entered of record within thirty days after the rendition of the judgment. Both are essential to arrest the operation of the statute to foreclose its review. Section 4898 of Shannon's Code provides that—

"When an appeal, or an appeal in the nature of a writ of error, is prayed from a judgment or decree of an inferior court to the Supreme Court, the appeal shall be prayed for, and appeal bond shall be executed, or the pauper's oath taken, within thirty days from the judgment or decree, if the court holds so long, otherwise before the adjournment of court; but for satisfactory reasons shown by affidavit or otherwise, and upon application made within the thirty days, the court may extend the time to give bond or take the oath, in term or after adjournment of the court, but in no case more than thirty days additional."

Section 4899 provides:

"In all cases where the appeal has not been prayed for within the time prescribed in the last section, the judgment or decree may be executed."

It has been held that a motion for a new trial, made within the thirty days after the judgment, may be disposed of after the expiration of the thirty days, and the appeal lies within thirty days thereafter. Railroad v. Ray, 124 Tenn., 16-22-27, 134 S. W., 858.

In the case at bar the first entry of any motion for a new trial was made on August 2nd, more than thirty days after the entry of the judgment, and, therefore, it had become final. The court had no jurisdiction at that time to take any further action thereon, and his action in granting any further time in which to make bond and perfect their appeal was simply coram non judice and void. For this reason also the order was not efficacious to evidence any prayer for or grant of an appeal. As stated, to make a motion for a new trial, it is not sufficient to file such motion with the clerk. It must be called to the court's attention in such way and such action had thereon as to entitle it to be spread of record, before such motion can be said to have been made. If the motion has actually been made within the thirty days, by calling the court's attention to it, and obtaining his action in some form, either to allow it to go of record, to continue or dispose

of it, it is not essential that the order be actually entered the same day. Such action secures its title to be entered as of that date, and it may thereafter be witnessed by an order nunc pro tunc. When, however, the case gets here, it must appear by the minute orders of the court that such motion was not only made, but entered on the minutes within the thirty days. The belated order, simply reciting that the case was heard this day upon the motion for a new trial heretofore filed, does no more than if it had said, the case came on this day to be heard upon the motion for a new trial, setting out the grounds thereof. The order entered August 2nd is the first evidence of any minute order showing a motion for a new trial had been made. It was too late, under the statute. The order theretofore made reciting that by agreement ten days additional time had been allowed to file a motion for a new trial does not aid it, and could not, unless the motion had actually been made within the thirty days, some evidence of which also appearing by a minute entry so providently made.

It therefore results that the motion must be sustained, and the appeal stricken from the docket. Appellant and his securities on the appeal bond will pay the costs of this appeal.

Portrum and Thompson, JJ., concur.