(*Jackson,* April Term, 1960.)

Opinion filed May 4, 1960.

40

H. T. Etheridge, Jr., Jackson, for plaintiff in error.

William D. Grugett, Assistant Attorney General, for the State.

Mr. Justice Burnett delivered the opinion of the Court.

Gray was indicted and convicted of receiving and possessing intoxicating liquors. For this offense he was fined $100, from which conviction this appeal comes.

In the first place the State has moved to strike the case from the docket because the minute entry failed to

disclose that plaintiff in error either prayed for or was granted an appeal by the trial court. Section 27-310, T.C.A., provides that any parties to a judgment or decree may pray and obtain an appeal therefrom to the proper appellate court. It has generally been held that in order to vest the appellate court with jurisdiction of the cause by appeal that the appeal must be both prayed and granted in the court below. This was specifically held in *Bailey v. State,* 95 Tenn. 391, 32 S.W. 250, and a number of other cases. It is on this authority that the State herein moves to strike this appeal.

The record shows that the judgment herein appealed from was entered on January 25, 1960; that on January 30, 1960, a motion for a new trial was overruled and ''defendant then excepting to the rule of the court.'' On February 29, 1960, an order was entered in the cause on application of the defendant that ''for good cause shown he is allowed until March 15, 1960, to perfect his appeal and file bill of exceptions in this cause.''

The defendant frankly admits the rule hereinabove first announced, but argues that by reason of the order last quoted from that this is equivalent to a recital that the appeal was prayed and granted for says the defendant, ''otherwise the trial judge would certainly not have given time to perfect his appeal and file bill of exceptions. The implication is further drawn that the appeal was granted upon the condition that it be done by the 15th day of March, 1960.'' This argument is supported by an opinion of this Court, *Bank of Charleston v. Johnston,* 105 Tenn. 521, 59 S.W. 131, and has been followed by some two or three Court of Appeals' cases since. In one of these Court of Appeals' cases that court, *Chattanooga-*

*Dayton Bus Line v. Lynch,* 9 Tenn. App. 129, at page 132, says:

"While undoubtedly it has been more than once held, from the numerous citations in defendants' in error's brief, that in order to give jurisdiction to the appellate court of the case on appeal, the record minutes must show that an appeal was both prayed and granted, yet in the case of *Bank [of Charleston] v. Johnston,* 105 Tenn. 520 [521], 59 S.W. 131, it was held that this need not be directly shown by the entry; that one of these essential facts (and by a parity of reasoning both of them) may be shown indirectly in, that where the final decree recites prayer for appeal, and gives time to 'make and file an appeal bond,' bond being afterwards given, it sufficiently shows that the appeal was granted."

In substance this Court followed the same reasoning in *State for Use and Benefit of Lawrence County v. Hobbs,* 194 Tenn. 323, 250 S.W.2d 549, when it did not consciously follow the rule first announced but decided to go ahead and consider the case on its merits.

We agree with the reasoning of the Court of Appeals last above quoted and on this basis overrule and deny the motion of the State.

■ We now come to the merits of the case. The transcript of the record is in the narrative form. This transcript shows that on December 20, 1959, two Highway Patrolmen received a radio call of complaint concerning a certain house located in Madison County, Tennessee. Pursuant to this call they proceeded according to their information towards this house and when they

were within approximately fifty to seventy-five yards of the house they saw a colored man standing in the front yard of the house with a sack in his hand, and when this colored man saw the patrol car coming he ran and dropped the sack but was carrying a jug. This colored man was not apprehended. The officers also testified that there were a number of colored and white people coming and going at the house, and that one person, standing in front of the house, was taking a drink from a bottle or jug. As a result of seeing these things these two officers proceeded to the house and went in and made a search, wherein they found a gallon jug of untaxed whiskey and several cases of homebrew and several gallons of corn wine.

It was on this call to proceed to this location that the officers saw things above enumerated. The question thus presented is, does this state of facts warrant the officers in making a search of the house?

Section 40-803, T.C.A., provides grounds for the arrest by an officer without a warrant. The first of these grounds is: ''(1) For a public offense committed or a breach of the peace threatened in his presence.''

█ The definition of a breach of peace has been accepted by this Court as a generic term including all violations of the public peace or order and includes unlawful sale, actual or threatened, of intoxicating liquors. In any of these things the officer may make an arrest without a warrant. *State ex rel. Thompson v. Reichman,* 135 Tenn. 653, 188 S.W. 225, Ann.Cas. 1918B, 889.

This Court over the years has had many cases arising under many different state of facts. Many of these cases will be found in footnotes to the Code Section herein last

above cited. Probably in all of these cases the Court has remarked that "cases of this class turn largely upon the peculiar facts of each case." *Dittberner v. State,* 155 Tenn. 102, 291 S.W. 839. Thus we come to the facts in this case, from which it seems to us that the circumstances were so suspicious as to afford a reasonable cause, or ground, for the search and arrest by the officers. When the officer acts upon grounds which would support a conviction in a reasonable mind that a crime was being, or about to be, committed, then he acts within the authority of the law. It thus seems to us that taking all of the facts herein together, that is, of the officers being called, a breach of the peace was being committed, and arriving within sight of this place and seeing the mixed races going in and out of the house and one man running with a sack and a jug and another man taking a drink out of a bottle, that the officers would be justified in making a search and an arrest following this search.

For the reasons hereinabove expressed the judgment below must be affirmed.