162

LEE LAX, Plaintiff in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

378 S.W.2d 782.

(*Jackson,* April Term, 1964.)

Opinion filed May 8, 1964.

Aaron Brown, Paris, for plaintiff in error.

George F. McCanless, Attorney General, Thomas E. Fox, Assistant Attorney General, for the State.

Mr. Justice White delivered the opinion of the Court.

The plaintiff in error, Lee Lax, defendant, was convicted of receiving and concealing stolen property having

a value of more than $100.00. The jury sentenced him to serve eleven months and twenty-nine days on the county road and that he pay a fine of $50.00. There were two other counts in the indictment charging that the defendant received and concealed other property, but the jury found him not guilty upon these two counts. Upon the filing of a motion for a new trial, the same was overruled except that ''Defendant is re-sentenced to eleven (11) months and twenty-nine (29) days, six (6) months of which is suspended on payment of $50.00 fine and all costs of the cause and on good behavior of defendant. Defendant is to first serve sentence and thereafter to be confined in the County Jail in custody of the Sheriff until said fine and costs are paid, secured, or otherwise legally discharged.''

The defendant perfected his appeal to this Court and has assigned errors which have been summarized by the State as follows:

(1) The evidence preponderates against the verdict and in favor of the innocence of the accused.

(2) The Trial Judge erred in refusing to direct a verdict in favor of the defendant.

(3) After the jury had deliberated for some time on its verdict, but without deciding on the guilt or innocence of the defendant, they were dismissed for an evening meal at which time they saw headlines in the daily newspaper to the effect that the Trial Judge refused to dismiss the case against the defendant.

(4) The Trial Judge refused to give requested instruction to the jury as follows:

"1. I charge you that knowledge of facts, which are sufficient to put a reasonably prudent man on inquiry, is not sufficient to convict one under a Statute making a receiver of stolen goods, knowing them to have been stolen, guilty.

"2. The mere possession of stolen goods without proof that accused received them knowing them to have been stolen, raises no presumption that the goods was stolen property and insufficient to establish guilty knowledge."

(5) The verdict of the jury was void because it fixed a punishment for the offense unauthorized by law.

The defendant, owner and operator of a junkyard, admitted the purchase of a number of items of merchandise from Harvey Merrill for the sum of $125.00. These particular items were purchased by the defendant at 2:00 o'clock, in the morning, on the night of July 3, 1963. When questioned about these items of property by the Sheriff of Henry County, the defendant readily admitted making the purchase from Merrill, and immediately rounded up all of the items of property, some of which he had to obtain from persons who had purchased them from him, and then gave all of them over to the Sheriff.

The defense, through counsel, stated that no question was made that the George D. Hopkins Store of Dexter, Kentucky was broken into and that items identified as having been taken from the store were in fact taken, which items had a value of approximately $800.00.

The defendant vigorously denied knowledge that the merchandise was stolen or that he suspected that it had been stolen because of the circumstances. He insisted

further that he made no effort to conceal the stolen property but handled it as he did other items of junk. He did not consider the purchase price paid by him for the property unusual, since he had been accustomed to buying out bankrupt estates and goods damaged in shipment or by fire.

The defendant testified that he had known Harvey Merrill for several years and knew that he was always in financial difficulties, but he did not question Merrill's statement that the goods were brought to Henry County from a store operated by a brother of Merrill in Illinois. Merrill told the defendant that the items were being sold because of domestic difficulty between his brother and his brother's wife. However, the proof shows that Merrill called the defendant again on July 5, 1963, at about 3:00 o'clock in the morning, for the purpose of selling additional merchandise to him. On this occasion the defendant refused to buy saying that he believed that Merrill was "stealing that stuff". Despite this belief, the defendant made no report of his purchases to the Sheriff of Henry County prior to his being questioned upon his arrest on July 10, 1963.

According to the witness Merrill, the defendant, Mr. Lax, agreed to purchase the goods in question "if there wasn't any pressure on anything he would buy it, didn't want to get anything to get in trouble about". Merrill then informed the defendant that the goods came from a "long way off" and then at another time he stated to the defendant that the goods came from Illinois.

When the goods were being unloaded from Merrill's car, there were some receipts found indicating that the merchandise came from Kentucky rather than from

Illinois. These receipts were burned after the defendant said "he would have to get rid of those". It is not clear in the record as to whether the defendant was referring to the receipts or boxes in which some of the receipts and goods were contained, or both.

■ We have carefully reviewed all of the testimony and the entire record in this case and we believe the preponderance of the evidence supports the verdict of the jury and for this reason we overrule all assignments of error which have to do with the lack of evidence, or the lack of the preponderance of the evidence to support the verdict.

■ The mere fact that the defendant had received property from Merrill twice in recent times under such circumstances as would lead an ordinary prudent man to be suspicious that the goods were stolen, since he was being called in the early morning hours by Merrill, is sufficient to place knowledge upon this defendant, and to justify the jury in finding him guilty. However, in addition to these facts, there are other facts in the record which convince us that the jury was fully justified in finding beyond a reasonable doubt that the defendant was guilty.

■ There was evidence in the record that on the occasion in question the defendant saw some receipts among the goods. When he noticed that they came from Kentucky, rather than Illinois as Merrill had claimed, he asked about this and was told: "So what, it come from a long way off anyway, it didn't come from close by." With such an answer, at such an hour in the morning, and under such circumstances, the defendant did not make further inquiry. The jury accredited this testimony and,

in our opinion, this is sufficient to show knowledge on the part of the defendant that the goods were stolen.

■ The defendant's fifth assignment of error relating to a certain newspaper article which possibly could have been seen and read by some of the jurors has no merit. The jurors obviously were not influenced by the article, if in fact they read it, because upon deliberation they found the defendant not guilty on two of the three counts in the indictment. They rendered a verdict of guilty on the third count alone, and recommended the minimum punishment permitted under the law. However, if this was error it certainly did not affect the outcome of the trial and, therefore, was harmless error within the provisions of T.C.A. sec. 27-117.

The assignments, six and seven, relating to certain special requested charges to the jury are not supported by any citation of authority and we have been unable to find any authority in support of these requests. The charge given by the trial judge appears to us to be adequate and, therefore, these assignments are overruled.

Defendant's eighth, and last, assignment of error is to the effect that the judge erred in rendering a judgment on the verdict of the jury, which verdict it is claimed is not authorized by law.

In the case of *Corlew v. State,* 181 Tenn. 220, 180 S.W.2d 900 (1944), the defendant was found guilty of larceny and sentenced to three to ten years although the State had failed to prove that the value of the property stolen was in excess of $60.00. At that time the statute provided that the larceny of property having a value of less than $60.00 amounted to petit larceny only. We held in that case that the conviction of grand larceny included the finding of

guilt of petit larceny as the lesser included offense, and then corrected the sentence so that the defendant was sentenced to the minimum under the statute.

It necessarily follows then that if a conviction for grand larceny includes also a conviction for petit larceny as a lesser included offense, and this Court could so correct the judgment as rendered by the trial court, then the jury in the instant case was authorized to return the verdict it did, and the trial judge was authorized to pronounce judgment on it as he did.

T.C.A. sec. 39-4205 provides that in all cases of petit larceny the court may, in event of conviction, on recommendation of the jury, substitute, in lieu of punishment in the penitentiary, fine and imprisonment in the county jail, or county workhouse.

█ The defendant in this case was convicted of receiving property stolen outside of the State of Tennessee. The proof in the case showed that the property so received was worth in excess of $100.00. However, the Corlew case is authority for the proposition that the conviction of receiving stolen property worth over $100.00 is also a conviction of receiving stolen property worth less than $100.00, so as to authorize the minimum sentence recommended by the jury in this case.

█ In addition to the reasons aforesaid, the defendant is not in a position to complain because he benefited by the verdict of the jury and the judgment of the court thereon. Under the facts and the evidence in this case the jury would have been justified in assessing the punishment at three to ten years in the State Penitentiary. Certainly if the jury and court erred it was to the benefit

of the defendant and he is not entitled to a reversal (T.C.A. sec. 27-117), on this ground.

For the reasons hereinabove set out, all of the assignments of error and overruled and the judgment of the trial court is in all things affirmed.

BURNETT, CHIEF JUSTICE, and FELTS, DYER and HOLMES, JUSTICES, concur.