## JESSIE HOWARD McGEE, SR., Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

### 455 S.W.2d 656.

Court of Criminal Appeals of Tennessee. May 13, 1970.

Certiorari Denied by Supreme Court June 15, 1970.

Harold E. Brown, Chattanooga, for plaintiff in error.

David M. Pack, Atty. Gen., Thomas E. Fox, Deputy Atty. Gen., Nashville, William H. Ortwein and John R. Seymour, Asst. Dist. Atty. Gen., Chattanooga, for defendant in error.

## OPINION

WALKER, Presiding Judge.

From his conviction of receiving stolen property over $100 in value and sentence to three years' imprisonment, the defendant below appeals to this court.

He operates the Soddy Men's Shop in Hamilton County as well as a place in Dalton, Georgia, and his wife owns the LaJane Dress Shop, also in Hamilton County.

On December 19, 1967, a number of dresses valued at about $10,000 were stolen from the Snooty Hooty Shop in Atlanta, Georgia. About 64 of these dresses were found January 5, 1968, in LaJane Dress Shop, 35 displayed for sale on hangers and 29 in the storeroom. About eight more were found in the Chattanooga area but not connected with the defendant. The owner valued the dresses at over $3000.

The defendant testified that he obtained the dresses from two young men whom he did not know and whom he could not describe traveling in an automobile he also

could not describe. Outside the Airport Auction Center in Chattanooga, he says these men approached him after dark and undertook to sell him the dresses from the trunk of their car. He says they claimed to buy out of season goods from stores. The defendant swapped some men's clothes and paid $35 additional according to his testimony. He says the dresses were not on hangers. The labels had been removed and they were wrapped in a sheet; he did not count them but accepted the sellers' claim that there were 66 or 67 dresses. They looked like the type of dresses some of which are valued at $125 or more. He estimated the worth of the lot at $400 or $500. After the exchange, he took them to the dress shop. For transactions inside the auction, purchasers received bills of sale or slips indicating the transfer.

The defendant's proof shows that labels are often removed from goods when sold at salvage or reduced prices. The owner of the dresses identified as hers the hangers as well as the dresses.

The defendant contends that the evidence is not sufficient to warrant his conviction and preponderates in favor of his innocence. He specifically contends that there is nothing to show that he knew the goods were stolen.

In Kessler v. State, 220 Tenn. 82, 414 S.W.2d 115, the court laid down the test of guilty knowledge in receiving stolen goods:

"* * * We in this State have adopted the objective test rule as to the defendant's knowing or having knowledge of the theft. Wright v. State, 13 Tenn. 154.

" 'That is, the existence of guilty knowledge is to be regarded as established when the circumstances surrounding the receipt of the property were such as would charge a reasonable man with notice or knowledge or would put a reasonable man upon inquiry which if pursued would disclose that conclusion.' Wharton's Criminal Law & Procedure, Anderson, Vol. 2, page 281, § 568."

The Supreme Court defined the rule further in Tackett v. State, Tenn., 443 S.W.2d 450:

"While it is the rule as first held in Wright v. State, supra, and as restated in Kessler, that guilty knowledge is necessary to sustain a conviction for receiving and concealing stolen property, it must also be the rule, because logic and good judgment require it, that the unexplained exclusive possession of stolen property shortly after commission of the robbery may warrant a finding that the possessor has guilty knowledge of the larceny or robbery. And unless this exclusive possession of stolen property after larceny or robbery is accounted for in a straightforward, truthful way, and unless the jury finds the explanation reasonable and satisfactory, the jury would be warranted in returning a verdict of guilty of receiving and concealing stolen property."

The jury did not believe the explanation of the defendant and rejected it. See Smith and Shipley v. State, Tenn. Cr. App., 451 S.W.2d 716. In considering and passing upon the assignments on the weight of the evidence, this court is bound by the rule that a conviction in a criminal case will not be reversed on the facts unless it is shown by the defendant the evidence preponderates

against the verdict and in favor of his innocence. Schweizer v. State, 217 Tenn. 569, 399 S.W.2d 743; Richter v. State, Tenn. Cr. App., 438 S.W.2d 362.

■ The defendant claims that the trial judge erred by instructing the jury to the effect that unexplained possession of recently stolen property raises a presumption that the possessor is guilty of larceny when, in fact, the defendant was not indicted for larceny and there was no proof of it. Although the trial judge instructed with reference to larceny, the inference is similar to that of receiving stolen goods and the jury could not have been misled by it. He read the statutory definition of the offense of receiving stolen goods knowing them to have been stolen.

■ In this state we follow the generally accepted rule that the unexplained possession of recently stolen goods may warrant an inference that the possessor has stolen them. This character of evidence may warrant the inference that the possessor received the property with guilty knowledge of its theft. Tackett v. State, supra; Smith and Shipley v. State, supra.

All assignments are overruled and the judgment of the lower court is affirmed.

DWYER and HYDER, JJ., concur.