**Jimmy GREEN, Plaintiff-in-Error,**

**v.**

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Jan. 3, 1974.

Certiorari Denied by Supreme Court,
May 20, 1974.

William H. Bryson, Woodbury, for plaintiff in error.

David M. Pack, Atty. Gen., W. Henry Haile, Asst. Atty.Gen., Nashville, Guy R. Dotson, Dist. Atty.Gen., Murfreesboro, for defendant in error.

## OPINION

OLIVER, Judge.

Convicted of petit larceny, under an indictment charging him with the theft of an automobile, and sentenced to imprisonment in the penitentiary for not less than one nor more than two years, the defendant Jimmy Green has attempted to bring his case before this Court for appellate review.

At the outset it is appropriate to direct attention to irregularities which could only result from indifference to fundamental principles long since settled in this State. After his motion for a new trial was overruled the defendant did not pray for and was not granted an appeal to this Court. The court's order concluded: "and the defendant is allowed 45 days in which to pre-. pare and file his Bill of Exceptions and appeal bond in this case."

The law is well established in this State that in order to vest the appellate court with jurisdiction of a cause by ap-

peal, the appeal must be both prayed and granted in the court below. Bailey v. State, 95 Tenn. 391, 32 S.W. 250; Gray v. State, 207 Tenn. 39, 336 S.W.2d 22; Duke v. Scott, 216 Tenn. 391, 392 S.W.2d 809; Russell v. Willis, 222 Tenn. 491, 437 S.W. 2d 529. In Bailey v. State, supra, the Court said:

"The case is not properly in this court, because no appeal was granted in the court below. All that appears in the transcript on the subject of appeal, is found in an entry upon the minutes of that court, which is as follows: 'From the action of the court in refusing to set aside the verdict and grant a new trial, the defendant excepts, and prays an appeal to the Supreme Court, sitting at Knoxville.' That entry is fatally defective, in that it fails to show, additionally, that the prayer for appeal was granted. It shows the requisite action on the part of the defendant, but no action, in response, on the part of the court. Both prayer offered by the former and granted by the latter, were indispensable."

■ However, in this case, because of the express allowance of time for preparing and filing his Bill of Exceptions and an appeal bond, it may be argued and we are constrained to say that the grant of an appeal appears indirectly or implicitly in the record. But we cannot over-emphasize the importance of meticulous observance of the law in this regard by defense counsel and trial judges.

The only Assignment of Error here being the customary challenge to the sufficiency of the evidence, we summarize its essential features obviously accredited by the jury.

One night about a week before Christmas in 1971, while demonstrating to his friends the speed of his 1962 blue Chevrolet, Charles Mount lost control of the car. as he rounded a curve and sideswiped a truck in front of Bill Trail's establishment, from whom he had bought the car. Attracted to the accident, Jerry Jones, Sam Melton, the defendant and his co-defendant Lee Wayne Nichols, who was also found guilty of petit larceny, arrived at the scene in a 1963 Chevrolet which Mount testified was either red or white, and assisted him by pushing his car, which failed to start. The car was then left parked in front of the home of Mrs. Gladys Cates, who was Sam Melton's sister. About 2:30 a. m. Mrs. Cates heard another car and, looking out her bedroom window, saw Nichols, whom she knew because he had dated her daughter, and another person she could not identify and a white car. Nichols got into the blue car and the person in the white car pushed the blue car away.

A few days later, Mount found his car seats in Morris Gannon's car. Gannon testified that he had been looking for car seats and that Nichols, who knew he was in the market for seats for his car, stopped him one day and told him that Green had some seats for sale and that he would call Green the next day; that the next day, Nichols told him how to reach Green, and Green took him to a shed about a quarter of a mile from Nichols' house, where he got two car seats and later paid Nichols $20 for them.

Both Nichols and Green attempted to establish an alibi. Nichols testified that after helping push Mount's car, he and Green and Melton drove around and then he went home. His aunt, his mother and Billy Vance testified that he arrived home somewhere between 1:30 and 1:45 a. m. He denied discussing the seats with Gannon and denied stealing the car or having anything to do with the theft. Green testified that after helping to push Mount's car, he and Melton and Nichols and Jerry Jones went to the skating rink; that he then dropped Jones off and after riding around a while longer he let Melton and Nichols out of his car and then went home. He denied stealing the car and selling the car seats. Ray Todd, Green's brother-in-law, testified that Green arrived home between 1:30 and 2:00 a. m.

Viewed in the light of the rules governing review of the evidence in criminal cases when its sufficiency is challenged on appeal, so often stated and emphasized by the Supreme Court of this State and by this Court and by which we are bound, Jamison v. State, 220 Tenn. 280, 416 S.W.2d 768; Webster v. State, 1 Tenn.Cr.App. 1, 425 S.W.2d 799; Chadwick v. State, 1 Tenn.Cr.App. 72, 429 S.W.2d 135, the material evidence above summarized fully justified and amply supports the verdict of the jury. The defendant has failed to carry his burden of demonstrating here that the evidence preponderates against the verdict and in favor of his innocence.

Exclusive unexplained personal possession of recently stolen property may warrant an inference that the possessor is the thief. Pruitt v. State, 3 Tenn.Cr.App. 256, 460 S.W.2d 385; Hudgins v. State, 3 Tenn.Cr.App. 148, 458 S.W.2d 627; Smith v. State, 2 Tenn.Cr.App. 117, 451 S.W.2d 716; McGee v. State, 2 Tenn.Cr.App. 652, 455 S.W.2d 656; Myers v. State, Tenn.Cr. App., 470 S.W.2d 848. In this case, the evidence accredited by the jury shows that within a few days after Mount's car was stolen, the co-defendant Nichols, who along with an unidentified person was seen taking the car from where it was left parked in front of the Cates home, told Gannon that Green had car seats to sell and Green took him to where the seats were being kept and delivered them to him. Of course, denying that he stole the car or sold the seats, Green did not attempt to explain his possession of the stolen property.

The defense of alibi presents an issue of fact determinable by the jury, as the exclusive judges of the credibility of the witnesses testifying in support of that defense and of the weight to be given their testimony. Hancock v. State, 1 Tenn.Cr. App. 116, 430 S.W.2d 892; Jones v. State, 2 Tenn.Cr.App. 160, 452 S.W.2d 365. By their verdicts, the jury rejected the defense of alibi interposed by these defendants, and from a careful review of all the evidence we are of the opinion that it does not preponderate against the decision of the jury upon that question.

Although the evidence would have warranted a conviction for grand larceny, since the value of the automobile stolen was between $500 and $575, the defendant was not prejudiced by the jury finding him guilty of the lesser included offense of petit larceny. Troglen v. State, 216 Tenn. 447, 392 S.W.2d 925; Lax v. State, 214 Tenn. 162, 378 S.W.2d 782. If the jury made an error it was plainly to the defendant's advantage and benefit, and he cannot be heard to complain. Corlew v. State, 181 Tenn. 220, 180 S.W.2d 900.

Affirmed.

MITCHELL and RUSSELL, JJ., concur.