Ester MERRIWEATHER, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

June 14, 1979.

Application for Permission to Appeal Denied by Supreme Court Sept. 4, 1979.

Stanley Fink, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen., Jennifer Helton Small, Asst. Atty. Gen., Nashville, Jon Kerry Blackwood and Preston Parks, Asst. Dist. Attys. Gen., Somerville, for appellee.

## OPINION

WALKER, Judge.

Ester Merriweather was convicted of grand larceny in connection with the February 27, 1978, theft of a two carat diamond ring from Younger's Jewelers in Covington. The jury fixed her punishment at a term of three to six years' imprisonment. In this appeal she contests the evidentiary basis for the conviction, insisting that it is insufficient to support the guilty verdict. She argues further that the trial court also

erred in allowing certain portions of the state's closing argument and in instructing the jury.

The state's proof showed that the jewelry store manager waited on the appellant when she entered the store around 4:00 p.m., asking to see some diamond rings. The manager removed a filled tray of rings from a locked display case and Ms. Merriweather examined them. Noticing two empty slots in the tray that was kept filled in the normal course of business, the manager asked Ms. Merriweather if she had the rings from those slots. The appellant denied having either ring, but the manager forced open her hand and recovered one of the missing rings. After answering a few questions from the manager, the appellant left the store, saying that she was on her way to the barber shop to meet her father.

The manager called the police and they apprehended the suspect near the barber shop after a scuffle with her. They returned Ms. Merriweather to the jewelry store for identification, then took her to police headquarters for questioning. The appellant initially refused to allow the officers to check inside her mouth, where they suspected she had hidden the missing ring. They later proposed taking her to the hospital for x-rays, to which she agreed on condition that the officers deliver a sheaf of business papers to her father, who was waiting in a different area of the building. Before delivering the papers, Officer John Yancey examined them and found the two carat diamond ring among them. Ms. Merriweather thereafter made a voluntary signed statement in which she confessed that she had taken the ring and acknowledged the knowing and uncoerced nature of her statement.

The appellant did not testify at her trial and called no witnesses in her behalf.

■ This evidence amply supports the trial judge's denial of the defense motion for acquittal made at the close of the state's proof. It is also quite adequate to support the verdict, the jury having resolved any and all conflicts in the proof by its finding of guilt. Ms. Merriweather has not shown the evidence to preponderate in favor of her innocence, and these assignments contesting the evidentiary sufficiency must be overruled. *State v. Thompson*, 549 S.W.2d 943 (Tenn.1977).

■ Equally without merit is appellant's contention that the trial court should have allowed defense counsel to examine the jewelry store manager out of the jury's presence concerning identification of Ms. Merriweather. Officer Yancey, having arrested a woman who fit the description given by the manager and having advised her of her rights, took the suspect to the store for a show-up identification. The manager did identify the woman under arrest as the same person who had been in the store a few minutes earlier.

The independent basis for both the show-up identification and the in-court identification, of which appellant here complains, was the manager's contact with Ms. Merriweather when the latter visited the store to look at the rings. The witness had had ample opportunity to observe Ms. Merriweather at the time of the crime, provided a full and accurate description of her, and had no hesitation in identifying the appellant on either of their subsequent encounters. This assignment is without merit, there being no substantial likelihood of misidentification under the totality of these circumstances. *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 24 L.Ed.2d 401 (1972); *Rippy v. State*, 550 S.W.2d 636 (Tenn.1977). *See also Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

■ Error is assigned to the trial court's overruling defense objections to portions of the state's closing argument. We have reviewed the entire argument. The general test to be applied is whether or not the argument could have affected the verdict to the prejudice of the appellant. *Harrington v. State*, 215 Tenn. 338, 385 S.W.2d 758 (1965); *Conboy v. State*, 2 Tenn.Cr.App. 535, 551, 455 S.W.2d 605 (1970). We do not think that it did under this record. Under

the test laid down in *Judge v. State,* 539 S.W.2d 340 (Tenn.Cr.App.1976), the appellant was not prejudiced by the state's argument. This assignment is therefore overruled.

In her two final assignments, Ms. Merriweather argues that the trial court erred in denying her request that the jury be instructed on shoplifting as well as on grand and petit larceny, and that the court's instruction concerning the significance of possessing recently stolen property was erroneous.

■ The Tennessee Supreme Court has held that shoplifting, defined in TCA 39–4235, is a lesser included offense within petit larceny. *Wright v. State,* 549 S.W.2d 682 (Tenn.1977). Proof either of petit larceny or shoplifting requires a showing that the value of the stolen goods is less than $100. TCA 39–4203 and 39–4235. The proof submitted in the instant case showed unequivocally that the item stolen exceeded $100 in value. Thus, the instruction on petit larceny was not applicable to these facts because there was no evidence to support it. *Whitwell v. State,* 520 S.W.2d 338 (Tenn.1975). Since the jury found all the elements necessary for a grand larceny conviction to be present in this case, however, the appellant was not prejudiced by the charge on petit larceny without the requested shoplifting charge. *Cf. Johnson v. State,* 531 S.W.2d 558 (Tenn.1975). *See also State v. Mellons,* 557 S.W.2d 497 (Tenn.1977), holding that the giving of instructions for which there is no evidence in the record is to be avoided.

The trial court's charge concerning the effect of a finding of possession of recently stolen goods was as follows:

"If you find from the evidence beyond a reasonable doubt, that the property described in the indictment was stolen and, soon thereafter, was found in the possession of the defendant, such possession raises the *presumption* of her guilt of having stolen it, and such presumption stands until explained by the proof or by the facts and circumstances." (emphasis supplied)

This charge, says the appellant, directly conflicts with the court's instructions concerning her presumed innocence and her right not to testify.

The possession of recently stolen property allows the fact finder to infer that the possessor stole it. *Green v. State,* 512 S.W.2d 641 (Tenn.Cr.App.1974). The distinction between a legal presumption and an inference was discussed exhaustively in *Bush v. State,* 541 S.W.2d 391 (Tenn.1976). The court there expressly held it "improper to instruct a jury that a presumption of guilt arises, that if unexplained, is conclusive, or any words of similar import." *Bush,* at 397. To avoid further problems in this area, such as the one here before us, the court adopted as a model instruction the one given in *Barnes v. United States,* 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973).

In *Bush, supra,* our Supreme Court pointed out that some of our cases holding that unexplained possession of recently stolen property raises a conclusive presumption of guilt are out of step with modern authority. In overruling those cases, the court said, in part:

"Where defendant offers an explanation, the instruction should make it clear that the jury must determine both the correctness of the inference and the weight to be given the explanation, that it is not bound to accept either and that the burden of proving guilt of the offense beyond a reasonable doubt remains on the State."

The court in *Bush* held that based upon the authority of *Barnes v. United States, supra,* it is improper to instruct the jury that the unexplained possession of recently stolen property creates a conclusive presumption of guilt or words of similar import. As a model for our judges in framing their charges, the court quoted the trial court's instructions found in *Barnes,* the pertinent part of which follows:

" 'Possession of recently stolen property, if not satisfactorily explained, is ordi-

narily a circumstance from which you may reasonably draw the inference and find, in the light of the surrounding circumstances shown by the evidence in the case, that the person in possession knew the property had been stolen.

" 'However, you are never required to make this inference. It is the exclusive province of the jury to determine whether the facts and circumstances shown by the evidence in this case warrant any inference which the law permits the jury to draw from the possession of recently stolen property.

" 'The term "recently" is a relative term, and has no fixed meaning. Whether property may be considered as recently stolen depends upon the nature of the property, and all the facts and circumstances shown by the evidence in the case. The longer the period of time since the theft the more doubtful becomes the inference which may reasonably be drawn from unexplained possession.' "

*Tennessee Pattern Jury Instructions,* Crim. 37.18, Inference from Possession of Stolen Property, is based on the guidelines laid down in *Bush.* In a companion case to *Bush* in which the term presumption had been used rather than inference, our Supreme Court held that it is not per se prejudicial error to depart from the exact language of the approved instructions. *Turner v. State,* 541 S.W.2d 398 (Tenn.1976).

In view of the overwhelming evidence of the appellant's guilt, we find the respects wherein the trial court's instruction falls short of the approved model to be harmless beyond a reasonable doubt in this case. *See Turner v. State, supra.*

All assignments are overruled and the judgment is affirmed.

DWYER and DAUGHTREY, JJ., concur.