Nancy I. SAUNDERS, Petitioner-Defendant,

v.

Margaret McKENZIE, mother and next friend of Giselle McKenzie, Deceased, Respondent-Plaintiff.

Supreme Court of Tennessee.

Oct. 30, 1978.

Wm. P. Biddle, III, Higgins & Biddle, Athens, for petitioner-defendant.

Allen H. Carter, Carter & Reid, Athens, for respondent-plaintiff.

HARBISON, Justice.

This case involves the question of whether a post-judgment motion to dismiss an appeal, filed in the trial court, suspends the time during which an appealing party is permitted to file his bill of exceptions, or transcript of evidence. The question turns upon an interpretation of a portion of T.C.A. § 27-111:

"The period of pendency of any motion or other matter, having the effect of suspending such final judgment or action, shall be excluded in the computation of the period."

The sequence of events as reflected in the technical record is of some importance.

Judgment was entered on a jury verdict in favor of the plaintiff, respondent here, on March 15, 1977, in the Circuit Court of McMinn County. The jury award was $75,000 in compensatory damages and $250,000 as punitive damages in an action for wrongful death of plaintiff's decedent.

The defendant in the action, petitioner here, was covered by two policies of liability insurance. Basic coverage, with limits of $100,000, was provided by Hanover Insurance Company; excess coverage up to $1,000,000 was provided by Aetna Casualty and Surety Company. Counsel for each of these companies appeared for the defendant in the trial court.

On April 11, 1977, a motion for new trial was timely filed on behalf of the defendant, seeking relief from the award of punitive damages on various grounds, some involving questions of evidence. Argument was heard on that motion on May 6, 1977, and the motion was orally overruled. A written order reciting the above and reflecting the action taken, however, was not signed and entered by the trial judge until June 2, 1977.

In the interim, on May 10, 1977, counsel for Hanover Insurance Company wrote to the Circuit Court Clerk, with copies to all other counsel, sending a draft in the amount of $104,558.72. This represented payment of the company's policy limits toward the judgment, together with interest accrued to that date, and court costs. This letter was received by the Circuit Court Clerk on May 12, 1977. On the following day, May 13, the trial judge entered an order directing the Clerk to deposit the funds at interest, pending further orders.

As previously stated, an order of the court overruling the motion for a new trial was not entered until June 2, 1977—nearly three weeks after the Hanover Insurance Company funds had been received and deposited by the Clerk. The June 2 order formally overruled the motion for a new trial. It reflects that the defendant excepted, prayed and was granted an "appeal" to the Court of Appeals, conditioned upon her filing a proper appeal bond and otherwise perfecting her appeal within thirty days from the entry of the order. On the same day a proper appeal bond, in the amount of $26,000, was filed with the Clerk. No exceptions were taken as to the sufficiency of that bond.

Eleven days after the entry of the order granting appellate review and after the filing of the appeal bond, counsel for the plaintiff, on June 13, 1977, filed in the Circuit Court a document captioned simply as a "Motion". This motion recites voluntary payment of $104,558.72 on behalf of the appealing defendant, and avers that such payment "terminates her right of appeal." Accordingly counsel for the plaintiff moved the court "to dismiss the appeal of the defendant" or, in the alternative, if the court should determine that such motion in the trial court "is not well taken," counsel for plaintiff sought leave to file said motion in the Court of Appeals. Counsel also requested that an affidavit of the Circuit Court Clerk, reciting the foregoing chain of events, be included in the record on appeal in the event the motion to dismiss were not sustained in the trial court. On that same date an order was entered permitting the Clerk to disburse the funds on deposit.

As stated, this motion was filed eleven days after entry of the order overruling the

motion for a new trial. That order, of course, under existing Tennessee practice, was the order which "occasioned the filing" of a bill of exceptions, or transcript of evidence, under T.C.A. § 27–111. Ordinarily, therefore, the appealing defendant would have had thirty days, or until July 2, 1977, within which to prepare and file such transcript. The appellant could, of course, have sought and obtained an extension of up to an additional sixty days, or until August 31, 1977, had timely application been made. T.C.A. § 27–111.

Apparently uncertain of the effect of respondent's motion to dismiss the appeal, counsel for each of the two insurance companies filed separate written responses thereto, without, however, obtaining an extension of time for filing their bill of exceptions.

On June 20, 1977, counsel for Hanover Insurance Company filed a response, admitting partial payment of the judgment, but denying that such payment had the effect of terminating the right of appellate review. This response prayed for dismissal of the motion filed by the plaintiff, but consented to the inclusion of that motion and any supporting affidavits in the appellate record. Counsel for Hanover attached an affidavit to this response, asserting that his company did not desire to seek appellate review and had made payment to avoid liability for accruing interest on the entire judgment for which it might otherwise have been obligated under the terms of its policy.

On July 1, 1977, there was filed on behalf of the appealing defendant, through counsel for Aetna, a similar response to the plaintiff's motion to dismiss. This response also admitted the partial payment of judgment, but asserted that the same did not terminate defendant's right to appeal. It further alleged that the motion to dismiss was premature and could only be raised in the appellate courts. Counsel for Aetna attached his affidavit to this response, asserting that his insurance carrier did desire to pursue the appeal. He stated that neither he nor the insurance carrier which he repre-

sented had been contacted in regard to the propriety of the partial payment of judgment or its potential effect, but asserted the belief of counsel that the partial payment of judgment did not preclude appellate review.

Again, according to the technical record, oral argument was heard on the motion to dismiss the appeal long before entry of any written order reflecting the action of the court. The order ultimately entered recites that oral argument was heard on July 8, 1977. It states that the motion to dismiss the appeal was overruled, with leave granted to the parties to include in the record on appeal the various motions, responses and affidavits above referred to. This written order was not signed or entered until August 30, 1977. It is not possible to tell whether the Judge took the motion under advisement on July 8 or whether at that time he ruled orally and the written order merely reflected his oral rulings as had been done in connection with the motion for new trial.

The latter seems the more probable sequence, because counsel for the appealing defendant obtained the signature of the trial judge on the transcript of evidence on July 27, 1977, and filed the same in the office of the Circuit Court Clerk on the following day, July 28. This bill of exceptions was approved by counsel for all parties. It was obviously filed more than thirty days from the date of the order which originally occasioned its filing, that of June 2, 1977, overruling the motion for a new trial. It was filed about three weeks after the trial judge had orally heard the motion to dismiss the appeal.

The Court of Appeals was of the opinion that the motion to dismiss the appeal filed on behalf of the plaintiff was ineffectual, and that it did not suspend the time for filing the bill of exceptions.

█ Apparently counsel for plaintiff, in filing that motion, relied upon the rule laid down in *Metropolitan Development & Housing Agency v. Hill*, 518 S.W.2d 754 (Tenn.App.1974), to the effect that voluntary payment of a judgment by a defendant

constitutes a waiver of that party's right to appellate review.

That case, however, involved full satisfaction of the judgment, not merely a partial payment such as that involved here. We are in agreement with the holding of the trial court and the implicit holding of the Court of Appeals that a partial payment, under the circumstances shown in this case, does not constitute such a waiver.

■ We are further in agreement that a motion such as that filed by the plaintiff is not authorized by existing trial practice in this state. The motion, if proper at all, should have been filed in the appellate court, not the trial court. The only procedural statute presently permitting the trial court to dismiss an appeal is T.C.A. § 27–318, which provides that upon failure of the appealing party to file a proper appeal bond or, in certain instances, to file a timely bill of exceptions, dismissal may be ordered at the trial level.

Counsel for the plaintiff, respondent here, almost conceded on the face of their motion to dismiss the appeal that they had doubts as to its efficacy, because they included an alternative prayer that the motion be permitted to be filed in the appellate court if it was not "well taken" in the trial court.

Nevertheless, the motion was filed, apparently was entertained by the trial judge, and was ultimately overruled. Its filing, to say the least, was sufficient to cast doubt upon the course of action which should appropriately be followed by counsel for the appealing party. If the motion were sustained, and the appeal dismissed, there would be doubt as to whether the bill of exceptions could or should be filed. Counsel usually cannot ignore pending motions in the trial court, even if they consider them to be ill-founded or improper. Accordingly both counsel for the defendant responded to the motion, sought its overruling, and denied its efficacy.

■ We are of the opinion that while this motion was pending, and until it was overruled by written order duly entered by the trial judge pursuant to the provisions of Rule 58, Tennessee Rules of Civil Procedure, counsel for the appealing party should not be charged with the lapse of time, nor should that period be included in the computation of the period allowed for the filing of the bill of exceptions.

■ It is true, as observed by the Court of Appeals, that the motion to dismiss the appeal did not, as such, seek to suspend the final judgment itself. In effect, however, it did seek to strike from the order which would occasion the filing of a bill of exceptions—the order overruling the motion for a new trial—that portion in which the appealing party had "prayed" and had been "granted" an "appeal"—the latter term, as used here, of course, referring to Tennessee's statutory "appeal in the nature of a writ of error" provided for the review of jury verdicts. T.C.A. § 27–308. Present practice requires both the "prayer" and the "grant" of this statutory appeal in the nature of a writ of error; otherwise the appealing party must seek review by the ancient "writ of error", T.C.A. § 27–601 et seq. *See* T.C.A. § 27–310. *Russell v. Willis*, 222 Tenn. 491, 437 S.W.2d 529 (1969); *Gray v. State*, 207 Tenn. 39, 336 S.W.2d 22 (1960).

■ The improperly filed motion probably did not have the effect of suspending the final judgment.[1] The object of the motion, however, clearly was to suspend and terminate the "action," in the sense of terminating all proceedings leading to appellate review of that judgment. We think it understandable that counsel for the defendant were not certain of what procedure to follow in the face of that motion, and it seems to us that the plaintiff is hard pressed to insist that the time for filing the bill of exceptions continued to run while her

1. That judgment was already "suspended" by the filing of the appeal bond. This, technically, "perfected" the appeal in the nature of a writ of error. Such an appeal, however, merely suspends, but does not "abrogate" the final judgment as does a "simple appeal" in equity cases. *See Shepard v. Lanier*, 192 Tenn. 608, 241 S.W.2d 587 (1951); Caruthers, *History of a Lawsuit*, §§ 434, et seq., 445 (8th ed., Gilreath, 1963).

motion to dismiss the appeal was pending and was being considered in the trial court.

There are a number of rather technical steps or procedures to be followed in removing a case from a trial court to the proper appellate court. These are governed by procedural statutes. Nevertheless, running through the case law of this state is a strong theme that any doubt as to the proper construction of statutes regulating appeal should be resolved in favor of the right of appeal. See Lindsey v. Fowler, 516 S.W.2d 88, 89 (Tenn.1974); Bozeman v. Naff, 155 Tenn. 121, 290 S.W. 981 (1927).

The result reached by the Court of Appeals, in striking the bill of exceptions in this case and thereby precluding any effective appellate review, might be sustained by a close and very literal interpretation of the provisions of T.C.A. § 27–111:

"The period of pendency of any motion or other matter, having the effect of suspending such final judgment or action, shall be excluded in the computation of the period."

On the other hand, this is a savings statute and, in our opinion, should be given a liberal interpretation. In light of the perplexing and unusual procedural situation which evolved in the present case, we conclude that the motion to dismiss filed by respondent was intended to, and did, have the effect of suspending any further steps by petitioner to obtain appellate review until that motion was disposed of. We are persuaded that this is both the proper and just application of the statute.

Accordingly the judgment of the Court of Appeals is reversed and the cause is remanded to that court for consideration of the assignments of error predicated upon the bill of exceptions, which we hold to have been timely filed. Costs in this Court are adjudged against respondent. All other costs will abide the judgment of the Court of Appeals.

HENRY, C. J., and COOPER, FONES and BROCK, JJ., concur.