IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 17, 2018 Session

## DAVID NEW v. LAVINIA DUMITRACHE ET AL.

Appeal from the Chancery Court for Shelby County
No. CH-16-0804     JoeDae L. Jenkins, Chancellor

———————————————————

No. W2017-00776-COA-R3-CV

———————————————————

A general sessions court issued orders of protection for a mother and her child against the mother's ex-husband, who was the child's father.  Thirty-six days after the final order was entered, the father filed suit in chancery court, essentially seeking to enroll the mother's and the father's Texas divorce decree and to appeal the orders of protection.  On the mother's motion, the chancery court dismissed the suit in its entirety for lack of subject matter jurisdiction.  The mother then moved to alter or amend, seeking an award of attorney's fees and discretionary costs incurred in defending the action.  The chancery court granted the motion and awarded the mother attorney's fees and costs.  On appeal, the father challenges only the award of attorney's fees.  We conclude that the court did possess subject matter jurisdiction to award attorney's fees.  But because the father was not permitted to put on proof concerning the reasonableness of the fees incurred by the mother, we vacate the award of attorney's fees.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated in Part and Remanded**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., joined.  BRANDON O. GIBSON, J., not participating.

Robert A. Wampler, Memphis, Tennessee, for the appellant, David New.

Valerie T. Corder, Memphis, Tennessee, for the appellees, Lavinia Dumitrache and Minor Child.

## OPINION

### I.

In 2008, the 57th Judicial District Court, Bexar County, Texas, entered a final

decree of divorce for David New ("Father") and Lavinia Dumitrache ("Mother"). Among other things, the final decree approved an agreed parenting plan for the parties' minor child. Following the divorce, Mother and the minor child moved to Tennessee, while Father moved to Mississippi.

At some point, in the General Sessions Court for Shelby County, Tennessee, Mother and the minor child petitioned for orders of protection against Father. After a lengthy hearing involving several witnesses, the general sessions court apparently issued separate orders of protection for Mother and the minor child against Father.[1] On April 6, 2016, the general sessions court entered a supplemental order awarding Mother and the minor child attorney's fees and discretionary costs. *See* Tenn. Code Ann. § 36-3-617(a)(1) (2017) (providing for the assessment of "court costs, filing fees, litigation taxes and attorney fees . . . against the respondent" if an order of protection is issued or extended after a hearing).

Five weeks later, on May 12, 2016, in the Chancery Court for Shelby County, Father filed a "Petition to Enroll and Certify a Foreign Judgment and Appeal in Nature of Writ of Error." Father asked the chancery court to "certify and enroll" the Texas divorce decree under the Uniform Enforcement of Foreign Judgments Act. *See id.* §§ 26-6-101 to -108 (2017). Father also sought an appeal "in the nature of a Writ of Error, pursuant to T.C.A. 27-6-101 et seq.," of the allegedly erroneous rulings of the general sessions court related to the orders of protection and attorney's fees.

Mother, on behalf of herself and her minor child, moved to dismiss Father's petition for lack of jurisdiction, purportedly under Tennessee Rule of Civil Procedure 12.02(6). Mother recognized that Father's petition contained "two distinct causes of action," an appeal in the nature of a writ of error and a petition to enroll a foreign judgment. So the motion presented separate arguments with respect to each cause of action. Regarding the appeal in the nature of a writ of error, she argued that the court lacked subject matter jurisdiction because Father failed to appeal the orders of protection within ten days. She also argued that even a timely appeal could only be pursued in circuit court, not chancery court, and that an "Appeal in Nature of Writ of Error" was not authorized by Tennessee law.

In seeking dismissal of the appeal in the nature of a writ of error, Mother also sought an award of attorney's fees and expenses. She asserted such an award was appropriate because the appeal was subject to dismissal for failure to state a claim upon which relief can be granted, the appeal concerned an order of protection, and the appeal was frivolous. *See id.* §§ 20-12-119(c) (Supp. 2018), 36-3-617(a)(1), 27-1-122 (2017).

---

[1] Although referenced in several pleadings and exhibits, the orders of protection are not included in the record on appeal.

2

Regarding the petition to enroll a foreign judgment, Mother argued that the court lacked personal jurisdiction because of a lack of service of process. Mother also argued that the purported judgment to be enrolled was "defective," without specifying the manner in which it was defective.

The chancery court granted Mother's motion. The court concluded that it did not have subject matter jurisdiction to review the orders of protection because no timely appeal of the orders was filed. The court further concluded that Tennessee no longer recognized an appeal in the nature of a writ of error. So it dismissed the appeal in the nature of a writ of error with prejudice. The court also dismissed the petition to enroll a foreign judgment for lack of subject matter jurisdiction, but without prejudice. The court determined that Father's petition was "fatally deficient" and "incomplete" because the 52-page divorce decree attached to his petition was missing "a substantive page." "Moreover," the court added, Father "incorrectly pled his cause of action pursuant to T.C.A. § 26-6-101 for enrollment of judgment debts" when he should have sought to register the divorce decree under the Uniform Child Custody Jurisdiction and Enforcement Act. The court "denied at this time" Mother's request for an award of attorney's fees and costs.

After entry of the order of dismissal for lack of subject matter jurisdiction, Mother moved to alter or amend, seeking an award of attorney's fees and discretionary costs. As she did in her motion to dismiss, Mother asserted that an award of attorney's fees was appropriate under the order of protection statutes, specifically Tennessee Code Annotated § 36-3-617(a)(1). But she also claimed that an attorney's fee award was appropriate under Tennessee's Enforcement of Orders statute, Tennessee Code Annotated § 36-5-103 (2017). Mother submitted an attorney's fee affidavit indicating that she had incurred nearly $35,000 in attorney's fees and expenses.

In response, Father submitted that an award of attorney's fees was not authorized. Alternatively, if there was a basis for awarding attorney's fees, Father argued that the fees claimed by Mother's attorney were excessive. So Father requested the opportunity to conduct discovery and to take depositions on the issue of attorney's fees.

The court granted the motion to alter or amend but ordered Mother's counsel to supplement her affidavit by itemizing her time, fees, and costs for the chancery court proceedings. The court "denied at this time" Father's request to take depositions.

Following submission of additional affidavits, both for and against an award of attorney's fees, and a hearing in which the court only entertained argument of counsel, the court awarded Mother $24,000 for attorney's fees and $1,398.21 for discretionary costs. The court determined that the award of attorney's fees was authorized under several of the statutes cited by Mother. Specifically, the court concluded

3

1.     That under the circumstances for which [Father] filed suit, applicable statutes, T.C.A. §§ 36-3-617 and 618 clearly contemplate the award of attorney fees and costs to [Mother and the minor child] for successfully defending the Orders of Protection previously granted by the General Sessions Court.

2.     That T.C.A. § 36-5-103(c) also authorizes the award of attorney fees and costs in litigation pertaining to parenting, which [Father's] litigation implemented, and which [Mother and the minor child] successfully defended due to allegations of a hostile situation involving the child and threatening harm to the child.

3.     That [Mother and the minor child] are also entitled to attorney fees pursuant to T.C.A. § 20-12-119(c)(1) as the prevailing party in the Rule 12.02(6) dismissal of [Father's] litigation but that this statute's limitation of $10,000 shall not be employed to limit [Mother's and the minor child's] recovery when greater fees are warranted and permitted by other statutes recited herein above.

## II.

On appeal, Father again submits that, under the circumstances, an award of attorney's fees was not proper under any of the statutes relied upon by the chancery court. In the alternative, Father argues that, if an award of attorney's fees was authorized, the fee awarded was excessive. For her part, Mother seeks an award of her attorney's fees incurred on appeal.

### A.

As a preliminary matter, we must determine whether the chancery court had subject matter jurisdiction to award attorney's fees given that the case was dismissed for lack of subject matter jurisdiction. *See* Tenn. R. App. P. 13(b); *Toms v. Toms*, 98 S.W.3d 140, 143 (Tenn. 2003) ("Appellate courts must address the issue of subject matter jurisdiction even if the issue is not raised in the trial court."). Without subject matter jurisdiction a court lacks the "power to adjudicate a particular type of controversy," and any resulting order is void. *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999). Upon a determination that the trial court lacked subject matter jurisdiction, the appellate court's role is clear; we "vacate the judgment and dismiss the case without reaching the merits of the appeal." *First Am. Trust Co. v. Franklin-Murray Dev. Co.*, 59 S.W.3d 135, 141 (Tenn. Ct. App. 2001).

Although Father did not raise the dismissal of his "Petition to Enroll and Certify a Foreign Judgment and Appeal in Nature of Writ of Error" as an issue on appeal, we

4

consider in our analysis whether the court actually possessed subject matter jurisdiction over Father's claims. A court's subject matter jurisdiction is "conferred . . . by statute or by the state or federal constitution." *Tennessean v. Metro. Gov't of Nashville*, 485 S.W.3d 857, 863 (Tenn. 2016). Its existence in any particular case "depends on the nature of the cause of action and the relief sought." *Word v. Metro Air Servs., Inc.*, 377 S.W.3d 671, 674 (Tenn. 2012). As already noted, Father asserted two separate causes of action, so we consider the court's subject matter jurisdiction over each cause separately. Whether a court lacks subject matter jurisdiction presents a question of law, which we review de novo. *Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 712-13 (Tenn. 2012).

1.      Appeal in the Nature of a Writ of Error

Father sought an appeal "in the nature of a Writ of Error" of the orders of protection entered by the general sessions court. As he explained in his petition, Father "requested of his counsel that the judgment of the General Sessions Magistrate be appealed with in [sic] the time prescribed by law, however the appeal was never filed." The order of protection statutes provide that appeals "shall be filed within ten (10) days." Tenn. Code Ann. § 36-3-601(3)(F) (2017). Despite this, Father claimed that, under Tennessee Code Annotated § 27-6-101, he could pursue a writ of error, which "lies from the final judgment of the court of general sessions to the circuit or proper appellate court . . . in all cases where an appeal in the nature of a writ of error would have lain." *Id.* § 27-6-101 (2017). An application for a writ of error can be made for "a proceeding of the court of general sessions . . . within sixty (60) days after the date of the judgment appealed from." *Id.* § 27-6-103 (2017).

As the statute implies an "appeal in the nature of a writ of error" is distinct from a writ of error. *See Saunders v. McKenzie*, 572 S.W.2d 653, 656 (Tenn. 1978) (recognizing that an appeal in the nature of a writ of error requires both a prayer and grant otherwise review must by sought "by the ancient 'writ of error'"); *Hamby v. Millsaps*, 544 S.W.2d 360, 361 (Tenn. 1976) (explaining that writ of error is available when the appealing party loses or does not seek appeal in the nature of a writ of error); *Green Meadow Park Inc. v. Am. Heritage Life Ins. Co.*, 540 S.W.2d 267, 269-70 (Tenn. Ct. App. 1976) (characterizing appellate review as being "on simple appeal, appeal in the nature of a writ of error, or on writ of error"). An appeal in the nature of a writ of error provides a review of jury verdicts. *Saunders*, 572 S.W.2d at 656; *see also* HENRY R. GIBSON, GIBSON'S SUITS IN CHANCERY § 1266 (3d ed. 1929) ("[I]f the cause is tried by a jury, on issues of fact, the party dissatisfied with the decree based on the jury's verdict must take an appeal in the nature of a writ of error."). A writ of error "is simply another mode of appeal." 4 C.J.S. *Appeal and Error* § 30, Westlaw (database updated Mar. 2019). As *Gibson's Suits in Chancery* once explained,

> [a] writ of error is a writ addressed by an appellate Court to an inferior
> Court, commanding the later to transmit to the former the whole

proceedings, in a specified cause, to final judgment inclusive, to the end that the appellate Court may examine the whole record in the cause, both of law and of fact, and render such judgment thereon as may appear to be right upon the face of the record.

GIBSON, *supra*, § 1270; *see also Writ of Error*, BLACK'S LAW DICTIONARY (10th ed. 2014). The remedies of appeal and of writ of error "have their origin and functions in the inherent difference between courts of law and courts of equity." *Nashville Ry. & Light Co. v. Bunn*, 168 F. 862, 865 (6th Cir. 1909).

The Tennessee Rules of Appellate Procedure abolished writs of error for appeals to the supreme court, this Court, and the court of criminal appeals. Tenn. R. App. P. 3(d); *Haynes v. McKenzie Mem'l Hosp.*, 667 S.W.2d 497 (Tenn. Ct. App. 1984) (recognizing "the abolition of the writ of error as an appellate procedure"); *State v. Copeland*, 647 S.W.2d 241, 242 (Tenn. Crim. App. 1983) (recognizing the abolition of "appeals in the nature of a writ of error" by the Tennessee Rules of Appellate Procedure). But the Rules of Appellate Procedure do not govern the appeal process from general sessions court, where appeals are ordinarily to the circuit court. *See* Tenn. R. App. P. 1 ("These rules shall govern procedure in proceedings before the Supreme Court, Court of Appeals, and Court of Criminal Appeals."); Tenn. Code Ann. §§ 16-10-112 (2009), 27-5-108(a)(1) (2017).

We conclude that a writ of error remains an avenue for review of judgments of general sessions courts. The writ of error statute specifically references "final judgment[s] of the court of general sessions." Tenn. Code Ann. § 27-6-101. And unlike proceedings of circuit or chancery courts, no rule abolishes writs of error as a mechanism for review of the decisions of general sessions courts. Mother argues that writs of errors were abolished by Tennessee Rule of Civil Procedure 60.02, which has been made applicable to courts of general sessions by Tennessee Code Annotated § 16-15-727(b) (2009). But Rule 60.02 abolishes writs of error *coram nobis*. Tenn. R. Civ. P. 60.02; *see also* Tenn. R. Civ. P. 60.02 advisory commission cmt. ("This Rule supersedes chapter 7 of Title 27, T.C.A., dealing with the writ of error coram nobis . . . ."). Statutorily writs of error are distinct from writs of error *coram nobis*. *Compare* Tenn. Code Ann. § 27-6-101 (addressing writs of error), *with* Tenn. Code Ann. § 27-7-101 (2017) (addressing writs of error *coram nobis*). Statute restricts writs of error *coram nobis* "to errors of fact occurring in proceedings of which the person seeking relief has had no notice, or which such person was prevented by disability from showing or correcting, or where a defense was prevented by surprise, accident, mistake, or fraud, without fault on such person's part."[2] *Id.* § 27-7-102 (2017).

---

[2] At common law, writs of error *coram nobis* were "directed to a court for review of its own judgment and predicated on alleged errors of fact." *Coram Nobis*, BLACK'S LAW DICTIONARY (10th ed. 2014).

6

Although the writ of error may still be an avenue for reviewing judgments of general sessions courts, the review is different from that of an appeal. Unlike the de novo appeal, a "writ of error will not reach all errors that may be committed." *Taylor v. Sledge*, 75 S.W. 1074, 1075 (Tenn. 1903). The writ is limited to "error[s] in the face of the record." *Id.*; *see also Motors Ins. Corp. v. Lipford*, 250 S.W.2d 79, 81 (Tenn. 1952) (reviewing "[e]rrors apparent, or alleged to be apparent, upon the face of the record"); *Town of Wartrace v. Wartrace & Beech Grove Tpk. Co.*, 42 Tenn. (2 Cold.) 515, 519 (1865) (holding court could "only reverse, because of errors apparent upon an inspection of the record"). As opposed to an appeal, "a writ of error . . . brings up the record in an action at law for a review of questions of law only." *Nashville Ry. & Light Co.*, 168 F. at 865. As such, it might be classified as a "restricted appeal."[3] 4 C.J.S. *Appeal and Error* § 30.

Here, Father's petition challenged both the grant of the orders of protection and the award of attorney's fees. He claimed errors both of law and of fact. Although the errors of fact were improperly raised in the writ of error, we cannot concur with the chancery court that it lacked subject matter jurisdiction over the writ. The absence of a timely appeal was immaterial. From final judgments of courts of general sessions, a writ of error provides an alternative to an appeal.[4] Tenn. Code Ann. § 27-6-101; *see Jerkins v. McKinney*, 533 S.W.2d 275, 282 (Tenn. 1976) (recognizing that writ of error was only available remedy where alleged errors were not correctible by independent action and party elected not to pursue an appeal).

Contrary to Mother's claim, Father properly filed the writ in chancery court. The writ lies "to the circuit or proper appellate court." Tenn. Code Ann. § 27-6-101. Under the order of protection statutes, appeals lie "to the circuit or chancery court of the county." *Id.* § 36-3-601(3)(F).

2.  Petition to Enroll a Foreign Decree

Father also sought to enroll the Texas divorce decree under the Uniform Enforcement of Foreign Judgments Act ("UEFJA"). The chancery court concluded that it lacked subject matter jurisdiction to enroll the Texas decree because the decree could

---

[3] It is also a vastly inferior review to that of an appeal because in most instances the record in a general sessions case consists only of a civil warrant. *See Clark v. Metro. Gov't of Nashville & Davidson Cty.*, 827 S.W.2d 312, 315 (Tenn. Ct. App. 1991) ("Pleadings in a civil case before a General Sessions Court are 'ore tenus' (oral, in open court), except where the plea is required to be under oath.").

[4] In a divided 2010 opinion, this Court held that a judgment of a sessions court could also be reviewed by writ of certiorari in certain circumstances. *Yousif v. Clark*, 317 S.W.3d 240, 246 (Tenn. Ct. App. 2010).

only be registered under the Uniform Child Custody Jurisdiction and Enforcement Act. *See* Tenn. Code Ann. §§ 36-6-201 to -243 (2017). The court also concluded it lacked subject matter jurisdiction because Father's petition was "fatally deficient" in that the attached divorce decree was missing a page.

"Foreign judgments ordinarily are entitled to full faith and credit in the courts of this state." *Hart v. Tourte*, 10 S.W.3d 263, 269 (Tenn. Ct. App. 1999) (citing *Biogen Distribs., Inc. v. Tanner*, 842 S.W.2d 253, 256 (Tenn. Ct. App. 1992)). In the past, a party seeking to enforce a foreign judgment in Tennessee would "file a new common law action . . . seeking a new Tennessee judgment based on the foreign judgment . . . ." *Barone v. Barone*, No. E2011-01014-COA-R3-CV, 2012 WL 1116320, at *4 (Tenn. Ct. App. Apr. 3, 2012). But with the enactment of uniform statutes such as the UEFJA, a party "seeking to enforce a judgment that was not entered by a Tennessee court may proceed in a number of ways." *Johns v. Johns*, No. W2013-01102-COA-R3-CV, 2013 WL 6050939, at *4 (Tenn. Ct. App. Nov. 15, 2013) (citing *Barone*, 2012 WL 1116320, at *4).

The UEFJA provides a simplified alternative procedure that has been described as "a 'streamlined process' for the enrollment and enforcement of a foreign judgment."[5] *Estate of Bentley v. Byrd*, 556 S.W.3d 211, 216 (Tenn. Ct. App. 2018) (quoting *Baumann v. Williams*, No. M2006-00962-COA-R3-CV, 2007 WL 3375365, at *2 (Tenn. Ct. App. Nov. 13, 2007)). Enrollment of the foreign judgment does not even require the filing of a complaint.[6] Tenn. R. Civ. P. 3A.01. Once a copy of a "foreign judgment authenticated in accordance with the acts of congress or [state statute]" is filed with a chancery or circuit court clerk, the foreign judgment "has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a court of record of this state." Tenn. Code Ann. § 26-6-104(a), (c). The UEFJA broadly defines a "foreign judgment" as "any judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this state." *Id.* § 26-6-103.

The Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), another uniform statute, provides a mechanism for "registration" of a foreign judgment that makes a child custody determination. *Id.* § 36-6-229. The UCCJEA provides that

---

[5] Enrollment and enforcement are distinct steps in the process. Enrollment, otherwise known as recognition, is a precondition to enforcement. *Guseinov v. Synergy Ventures, Inc.*, 467 S.W.3d 920, 925-26 (Tenn. Ct. App. 2014).

[6] Instead, the properly authenticated copy of the foreign judgement is accompanied by an affidavit with "the name and last known post office address of the judgment debtor and the judgment creditor" and a notice of filing "provid[ing] a description of the judgment creditor, judgment debtor, name and last known post office address of the judgment debtor and judgment creditor and notice that the judgment creditor is enrolling a foreign judgment in Tennessee." Tenn. R. Civ. P. 3A.01.

8

"[a] child-custody determination issued by a court of another state may be registered in this state, with or without a simultaneous request for enforcement . . . ." *Id.* 36-6-229(a). But the filing requirements for registering a foreign judgment under the UCCJEA differ from the filing requirements under the UEFJA. *In re Duran*, No. 77, 1987 WL 6719, at *1 (Tenn. Ct. App. Feb. 19, 1987). Additionally, "registration" does not serve the same function as domestication. *Butler v. Butler*, No. M2011-01341-COA-R3-CV, 2012 WL 4762105, at *5 (Tenn. Ct. App. Oct. 5, 2012). Once registered, the foreign "child-custody determination can be enforced as if it was a child-custody determination of this State," but "it remains a custody determination of the State that issued it." Tenn. Code Ann. § 36-6-230 cmt.

One of the stated purposes of the UCCJEA is to "[f]acilitate the enforcement of custody decrees of other states." *Id.* § 36-6-202(6). So the UCCJEA does not "affect the availability of other remedies to enforce a child-custody determination." *Id.* § 36-6-227(b). In fact, "[a] court of this state may utilize any remedy available under other law of this state to enforce a child-custody determination made by a court of another state." *Id.* As the statute's official comment explains, "[t]here is often a need for a number of remedies to ensure that a child-custody determination is obeyed." *Id.* § 36-6-227 official cmt.

Because the UCCJEA does not limit other available remedies, Father could seek to enroll the Texas divorce decree under the UEFJA or register the decree under the UCCJEA. *See, e.g.*, *Highfill v. Moody*, W2009-01715-COA-R3-CV, 2010 WL 2075698, at *2 (Tenn. Ct. App. May 25, 2010) (recognizing that a foreign divorce decree addressing custody and child support was already enrolled pursuant to the UEFJA before the trial court made its rulings regarding the UCCJEA or Uniform Interstate Family Support Act). The UEFJA authorizes the filing of the authenticated copy of the foreign judgment "in the office of the clerk of any circuit or chancery court of this state." Tenn. Code Ann. § 26-6-104(a). Thus, the chancery court did have subject matter jurisdiction over Father's petition to enroll the Texas divorce decree in Tennessee.

The chancery court also determined it lacked subject matter jurisdiction because Father's petition was "fatally deficient." Although the Texas divorce decree exhibited to the petition contained a judge's certificate and a clerk's certificate verifying the authenticity of the decree, the decree was missing one page.

We conclude that the deficiency in Father's petition was not a jurisdictional deficiency. A court otherwise possessed of subject matter jurisdiction over a petition to register a foreign judgment is not deprived of that jurisdiction merely due to the failure of the petitioner to "meet the technical statutory requirements for registration." *Summers v. Ryan*, No. E2006-01757-COA-R10-JV, 2007 WL 161037, at *6 (Tenn. Ct. App. Jan. 23, 2007).

B.

Having concluded that the chancery court did possess subject matter jurisdiction over both causes of action asserted in Father's petition, we consider Father's first issue on appeal: whether Mother and the minor child were entitled to an award of attorney's fees. Under the "American rule," which is followed in Tennessee and most other jurisdictions, "a party in a civil action may recover attorney fees only if: (1) a contractual or statutory provision creates a right to recover attorney fees; or (2) some other recognized exception to the American rule applies, allowing for recovery of such fees in a particular case." *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 308 (Tenn. 2009). The chancery court determined that recovery of attorney's fees was permissible, relying on several statutes.

First, the chancery court determined that an award of attorney's fees was appropriate under the order of protection statutes, specifically Tennessee Code Annotated § 36-3-617 and § 36-3-618. Tennessee Code Annotated § 36-3-618 sets forth the purposes behind the statutes. It does not authorize an award of attorney's fees. *See* Tenn. Code Ann. § 36-3-617. Tennessee Code Annotated § 36-3-617, on the other hand, does make provision for an award of attorney's fees to domestic abuse victims. Section 36-3-617 provides, in pertinent part, as follows:

> Notwithstanding any other law to the contrary, no domestic abuse victim, stalking victim or sexual assault victim shall be required to bear the costs, including any court costs, filing fees, litigation taxes or any other costs associated with the filing, issuance, registration, service, dismissal or nonsuit, appeal or enforcement of an ex parte order of protection, order of protection, or a petition for either such order, whether issued inside or outside the state. *If the court, after the hearing on the petition, issues or extends an order of protection*, all court costs, filing fees, litigation taxes and *attorney fees* shall be assessed against the respondent.

*Id.* § 36-3-617(a)(1) (emphasis added).

We have previously interpreted Tennessee Code Annotated § 36-3-617(a)(1) as permitting this Court to award "reasonable attorney's fees . . . incurred in defending the appeal of an issuance or extension of an order of protection." *Purifoy v. Mafa*, 556 S.W.3d 170, 203 (Tenn. Ct. App. 2017) (quoting *Walker v. Pawlik*, No. M2013-00861-COA-R3-CV, 2013 WL 5781565, at *5 (Tenn. Ct. App. Oct. 23, 2013)); *Brown v. Vaughn*, No. E2010-00373-COA-R3-CV, 2010 WL 3767123, at *8 (Tenn. Ct. App. Sept. 28, 2010). But the attorney's fees incurred must relate to the issuance or extension of the order of protection. All litigation surrounding an order of protection does not fall within the scope of the statute. *See Rodgers v. Rodgers*, No. E2011-02190-COA-R3-CV, 2012 WL 3900791, at *13 (Tenn. Ct. App. Sept. 10, 2012) (explaining that a wife was entitled

to an award of attorney's fees related to her defense of the extension of an order of protection but not for other issues raised in connection with the final decree of divorce). For example, we have concluded that the statute does not authorize an award of attorney's fees for successfully prosecuting a petition for criminal contempt arising from the willful violation of an order of protection. *Reynolds v. Reynolds*, No. M2013-01912-COA-R3-CV, 2014 WL 7151596, at *11 (Tenn. Ct. App. Dec. 12, 2014). We have also required that the issuance or extension of the order of protection be affirmed on appeal. *See, e.g.*, *Luker v. Luker*, No. M2018-00138-COA-R3-CV, 2018 WL 4182312, at *9 (Tenn. Ct. App. Aug. 30, 2018), *perm. app. denied*, (Tenn. Jan. 17, 2019) (declining to award attorney's fees to the petitioner where the trial court's order extending the order of protection was vacated on appeal); *Land v. Casteel*, No. E2010-00593-COA-R3-CV, 2011 WL 808784, at *3 (Tenn. Ct. App. Mar. 8, 2011) (awarding attorney's fees where issuance of order of protection affirmed); *Brown*, 2010 WL 3767123, at *8 (awarding attorney's fees where extension of order of protection affirmed).

Based on our interpretations of the statute, we conclude that Tennessee Code Annotated § 36-3-617(a)(1) authorized the chancery court to award Mother and the minor child their attorney's fees incurred in defense of the writ of error. But the statute did not authorize an award of attorney's fees incurred in defense of the petition to enroll a foreign judgment.

Second, the chancery court determined that an award of attorney's fees was appropriate under the enforcement of orders statute, Tennessee Code Annotated § 36-5-103. At the time of the proceedings in the chancery court, the pertinent subsection of the statute provided as follows:

> The plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, in the discretion of such court.

Tenn. Code Ann. § 36-5-103(c) (2017). Here, Mother was not the "plaintiff spouse," she was not seeking to enforce a decree for alimony or child support, and Father's petition did not seek to change the custody of the minor child. Thus, we conclude that Tennessee Code Annotated § 36-5-103(c) did not authorize the chancery court's award of attorney's fees.

Finally, the chancery court determined that an award of attorney's fees was

11

appropriate under Tennessee Code Annotated § 20-12-119(c)(1). The statute applies where a trial court grants a motion to dismiss for failure to state a claim upon which relief may be granted. In such circumstances, the court must "award the party or parties against whom the dismissed claims were pending at the time the successful motion to dismiss was granted the costs and reasonable and necessary attorney's fees incurred in the proceedings as a consequence of the dismissed claims by that party or parties." *Id.* § 20-12-119(c)(1) (Supp. 2018).

In their motion, Mother and the minor child moved to dismiss Father's petition, "in accordance with T.R.C.P. Rule 12.02(6) because, as a matter of law, this Court lacks subject matter jurisdiction to adjudicate said 'Appeal in the Nature of Writ of Error,' and lacks personal jurisdiction to Enroll or Certify a Foreign Judgment on an Appeal in the Nature of Writ of Error." The Rule of Civil Procedure cited by Mother and the minor child does provide for the defense of "failure to state a claim upon which relief can be granted." Tenn. R. Civ. P. 12.02(6). But the arguments made in the motion raise the defenses of "lack of jurisdiction over the subject matter," "lack of jurisdiction over the person," or "insufficiency of service of process." *See id.* 12.02(1), (2), & (5). Unlike the defense of failure to state a claim upon which relief can be granted, the defenses raised by Mother and the minor child were not directed to the merits of the petition. *See Wilson v. Sentence Info. Servs.*, No. M1998-00939-COA-R3-CV, 2001 WL 422966, at *4 (Tenn. Ct. App. Apr. 26, 2001).

A "court is not bound by the title of the pleading, but has the discretion to treat the pleading according to the relief sought." *Norton v. Everhart*, 895 S.W.2d 317, 319 (Tenn. 1995). Yet in this case the pleading was aptly named. Mother and minor child were seeking to dismiss Father's petition for a lack of subject matter jurisdiction, in the case of the appeal in the nature of a writ of error, and for lack of personal jurisdiction, in the case of the petition to enroll a foreign judgment. They were not seeking to dismiss the petition for failure to state a claim upon which relief may be granted. So Tennessee Code Annotated § 20-12-119(c)(1) was not an appropriate basis for awarding attorney's fees.

## C.

Having concluded that an award of attorney's fees was appropriate under Tennessee Code Annotated § 36-3-617, we consider Father's second issue on appeal: whether the attorney's fees awarded to Mother and the minor child were excessive.[7]

---

[7] In a few instances in his brief, Father references the expenses awarded Mother. At one point the brief provides, "[i]t is from the award of attorney's fees and expenses that the Appellant appeals." But Father's statement of issues presented for review only references "attorney's fees." So we consider the issue of expenses and costs awarded to Mother and the minor child waived. *See Childress v. Union Realty Co.*, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002) ("We consider an issue waived where it is argued in the brief but not designated as an issue.").

Father's arguments concerning the amount of fees awarded are concise, comprising less than two pages of his brief. Father submits that Mother's counsel should "not [sic] permitted a windfall of fees, only those fees necessary to reimburse her client for the outlay of fees and expenses." Although mentioning that he was denied discovery on attorney's fees, Father complains only that he was never provided a copy of Mother's contract with her counsel. According to Father, "if there is not a contract of employment for which [Mother] seeks reimbursement of her counsel fees and expenses then the [Chancery] Court is making a finding of fact without an informed fact finding process."

As noted above, Tennessee Code Annotated § 36-3-617(a)(1) only authorizes an award of attorney's fees in connection with the issuance or extension of an order of protection. Tenn. Code Ann. § 36-3-617(a)(1). The authority extends to an appeal of the issuance or extension of an order of protection, *Purifoy*, 556 S.W.3d at 203, but the chancery court awarded attorney's fees based on all fees incurred by Mother and the minor child. Thus, we vacate the award of attorney's fees and remand for a determination of the fees related solely to the defense of the writ of error. On remand, Father may request an evidentiary hearing on the issue of attorney's fees and present evidence of his own on the issue of fees. *See Nutritional Support Servs., Ltd. v. Taylor*, 803 S.W.2d 213, 216 (Tenn. 1991).

### III.

Mother also seeks an award of her attorney's fees incurred on appeal under Tennessee Code Annotated § 36-3-617(a)(1). But Father has limited this appeal to the question of attorney's fees awarded Mother. Father did not appeal the dismissal of his writ of error, which challenged the orders of protection. So we conclude an award of attorney's fees under Tennessee Code Annotated § 36-3-617(a)(1) would be inappropriate; this appeal does not contest the issuance or extension of an order of protection. *Reynolds*, 2014 WL 7151596, at *1.

As an additional ground for an award of attorney's fees, Mother claims that Father's appeal is frivolous. *See* Tenn. Code Ann. § 27-1-122 (2017). The statute authorizing an award of damages for a frivolous appeal "must be interpreted and applied strictly so as not to discourage legitimate appeals." *See Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977) (citing the predecessor to Tennessee Code Annotated § 27-1-122). A frivolous appeal is one "utterly devoid of merit," *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978), "or taken solely for delay." *Chiozza v. Chiozza*, 315 S.W.3d 482, 493 (Tenn. Ct. App. 2009). We do not find this appeal devoid of merit or perceive that it was taken solely for delay. Thus, we also decline to award attorney's fees on this basis.

**IV.**

We do not disturb the dismissal of Father's "Petition to Enroll and Certify a Foreign Judgment and Appeal in Nature of Writ of Error," which was not appealed. We vacate the award of attorney's fees only. The case is remanded for further proceedings consistent with this opinion.

_____
W. NEAL MCBRAYER, JUDGE