RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 22a0151p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

　　　　　　　　　　　*Plaintiff-Appellee*,

　　*v.*

RANDY BELCHER,

　　　　　　　　　　　*Defendant-Appellant*.

⎫
⎪
⎪
⎬　No. 21-5414
⎪
⎪
⎭

Appeal from the United States District Court for the Eastern District of Tennessee at Chattanooga;
No. 1:19-cr-00161-1—Curtis L. Collier, District Judge.

Argued: May 4, 2022

Decided and Filed: July 12, 2022

Before: KETHLEDGE, STRANCH, and NALBANDIAN, Circuit Judges.

───────────────

## COUNSEL

───────────────

**ARGUED:** Erin P. Rust, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC., Chattanooga, Tennessee, for Appellant. Luke A. McLaurin, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee. **ON BRIEF:** Erin P. Rust, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC., Chattanooga, Tennessee, for Appellant. Luke A. McLaurin, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee.

───────────────

## OPINION

───────────────

KETHLEDGE, Circuit Judge. In *United States v. Mitchell*, 743 F.3d 1054, 1059 (6th Cir. 2014), we held that robbery as defined under Tennessee law is a "violent felony" as defined by the Armed Career Criminal Act ("ACCA" or "the Act"). 18 U.S.C. § 924(e)(2)(B). Here, based

in part on that holding, the district court sentenced Randy Belcher to a 15-year mandatory-minimum sentence under the Act.  Belcher now argues that two somewhat recent Supreme Court decisions—*Elonis v. United States*, 575 U.S. 723 (2015), and *Borden v. United States*, 141 S. Ct. 1817 (2021)—undermine our holding in *Mitchell*.  We disagree and affirm the district court.

In 2020, Belcher pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  The ACCA mandates a minimum sentence of 15 years for any defendant who is convicted of a firearms offense under § 922(g) after being convicted of at least three violent felonies "committed on occasions different from one another[.]"  18 U.S.C. § 924(e)(1).  As relevant here, the Act defines "violent felony" as any offense, punishable by a term of imprisonment exceeding one year, that "has as an element the use, attempted use, or threatened use of physical force against the person of another[.]"  *Id*. § 924(e)(2)(B).  When Belcher pled guilty to violating § 922(g), he had six prior convictions under Tennessee law: one for aggravated burglary and five for robbery.  The latter are violent felonies under *Mitchell*; the district court therefore imposed the mandatory-minimum sentence of 15 years under the Act.

Belcher now argues that *Mitchell* is no longer good law.  Specifically, he says that, in *Elonis* and *Borden*, the Supreme Court made clear that the ACCA's definition of violent felony excludes offenses where the defendant's use or threatened use of force can be reckless or negligent (as opposed to intentional).  And Belcher contends that robbery under Tennessee law is such an offense, because—he asserts—a defendant can be convicted of that offense by threatening force negligently rather than intentionally.

But Tennessee law provides no support for that assertion.  As relevant here, Tennessee defines robbery as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear."  Tenn. Code Ann. § 39-13-401.  The Tennessee Supreme Court has held that the "fear constituting an element of robbery is a fear of bodily injury and of present personal peril from violence offered or impending."  *State v. Taylor*, 771 S.W.2d 387, 398 (Tenn. 1989).  For violence to be "offered" in this context, the defendant must do the offering, meaning he must intend to threaten force.  Belcher's argument, rather, is that the Tennessee Court's use of the word "impending" leaves room for cases where the defendant did not intend to cause fear, but where the victim actually did experience (or reasonably could have

experienced) fear nonetheless.  Thus, Belcher asserts, a defendant satisfies the fear element of Tennessee robbery when he negligently causes his victim to experience fear.

In the long history of the Tennessee robbery statute, however, not once has a Tennessee court construed the fear element that way.  And in the very case from which Belcher tries to infer that proposition, the court upheld the defendant's conviction only after concluding (among other things) that "the defendant's intention was to 'intimidate and frighten the victim into docile nonresistance and meek compliance[.]'"  *State v. Witherspoon*, 648 S.W.2d 279, 281 (Tenn. Crim. App. 1983) (quoting *Sloan v. State*, 491 S.W.2d 858, 861 (Tenn. Crim. App. 1972)).  There is no basis, then, to conclude that *Mitchell* misapprehends Tennessee law.  We therefore adhere to our earlier holding that robbery as defined by Tennessee law is a violent felony under the ACCA.

Separately, Belcher argues that a jury, rather than (as here) the district court, must determine whether a defendant's prior offenses were "committed on occasions different from one another" for purposes of the Act.  18 U.S.C. § 924(e)(1); *see generally Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).  But we have already held the contrary.  *See United States v. Johnson*, 440 F.3d 832, 848 (6th Cir. 2006) (holding that "the date of commission" of an offense is "so basic as to be implicit in the fact of a prior conviction") (internal quotation marks omitted).  Nor was the district court's finding on this point incorrect:  Belcher himself admits that three of his prior offenses (in 1994, 2000, and 2007) each came at least six years apart, meaning that they were "separated by substantial gaps in time" and did not "share a common scheme or purpose." *Wooden v. United States*, 142 S. Ct. 1063, 1071 (2022).  The district court did not err in any respect.

The district court's judgment is affirmed.