NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0125n.06

No. 20-6285

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

STEVEN KEITH HUNLEY,

    Defendant-Appellant.

**FILED**
Mar 10, 2023
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF TENNESSEE

OPINION

Before: MOORE, CLAY, and STRANCH, Circuit Judges.

**CLAY, Circuit Judge.** Defendant Steven Keith Hunley, appeals the district court's judgment of conviction and sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). For the reasons that follow, we **AFFIRM** the district court's judgment.

**BACKGROUND**

On September 20, 2018, Defendant broke into a property located in Claiborne County Tennessee and stole various items, including nine loaded firearms and a vehicle. In December 2019, Defendant pleaded guilty, without an agreement, to possessing nine firearms as a felon, in violation of 18 U.S.C. § 922(g)(1).

Defendant's presentence investigation report[1] ("PSR") classified him as an armed career criminal, pursuant to the Armed Career Criminal Act ("ACCA"), because he had at least three

---

[1]Hunley was first indicted in October 2018. (*United States of America v. Steven Keith Hunley*, 3:18-cr-156). After he pleaded guilty (but before the sentencing hearing), the Supreme Court issued its decision in *Rehaif v. U.S.*, 139 S. Ct. 2191, 2194 (2019), which held that 18 U.S.C. § 924(a)(2) requires proof that a defendant knew he belonged to a category of persons barred from

convictions for violent felonies committed on "occasions different from one another." 18 U.S.C. § 924(e). Those prior convictions included: three counts of Tennessee burglary in violation of 39-14-402 (two counts from a single incident in 2008, and one count from an incident in 2009), two counts of Tennessee aggravated burglary in violation of 39-14-403 (one count from 2012, one count from 2013), and two counts of Tennessee aggravated assault and attempted aggravated robbery (from a single incident in 2013 while Defendant was in jail).

Defendant's sole objection to the PSR was to the inclusion of his three burglary and two aggravated burglary convictions as predicates under the ACCA. Defendant argued that his Tennessee burglary convictions do not qualify as ACCA predicate offenses because Tennessee burglary does not require proof of intent and are consequently broader than generic burglary since they "can cover merely reckless conduct." Tr. Sentencing Hearing, R. 20, Page ID #116; *see also* Defendant's Objections to PSR, Case 3:18-cr-00156, R. 20. The district court rejected Defendant's argument, noting that the argument was foreclosed by the Sixth Circuit in *United States v. Brown*, 957 F.3d 679, 689 (6th Cir. 2020) (determining that a conviction under subsection (a)(1) of Tennessee's burglary statutes, 39-14-402 and 39-14-403, qualified as a predicate violent felony under the ACCA because it contained the required criminal intent as an element). The district court determined that the *Shepard* documents from Defendant's state criminal convictions showed that he had been convicted under subsection (a)(1) of both Tennessee burglary statutes, which expressly requires criminal intent. This meant that the Sixth Circuit's decision in *Brown* applied

---

possessing a firearm in 18 U.S.C. § 924(g). The government dismissed that indictment and filed a new information, in a new case, that satisfied *Rehaif*'s requirement. The Court relied on the presentence investigation report that had been filed in the first case. The presentence investigation report was filed in only the first docket, 3:18-cr-156. All other citations in this opinion refer to the docket in the case currently before this Court on appeal, 3:19-cr-00174, unless specifically noted.

and "closed the book" on Defendant's argument. Tr. Sentencing Hearing, R. 20, Page ID at Page ID #120.

The district court then sentenced Defendant to the mandatory minimum sentence under the ACCA, 180 months of imprisonment followed by a five-year term of supervised release. Defendant's counsel requested that the district court order Defendant's sentence to run concurrently with any sentence imposed in the pending state case in Claiborne County, Tennessee, stemming from the same underlying conduct. The district court refused to make that determination, noting that it would defer to the state court to decide whether any sentence imposed there would run concurrent with Defendant's federal sentence.

Defendant then filed this appeal, arguing that the District Court (1) abused its discretion by not ruling on Defendant's request for his sentence to run concurrently with any anticipated state sentence and (2) arguing that the Supreme Court's decision in *Wooden v. United States*, 142 S. Ct 1063 (2022), requires that the government allege in its indictment, and prove beyond a reasonable doubt to a jury, that his prior criminal convictions occurred on different occasions.

## DISCUSSION

### I. Defendant's Request for a Concurrent Sentence

While this appeal was pending, the government moved this Court to take judicial notice of the dismissal of Defendant's state level charges, and argued that Defendant's first issue, a request for his federal sentence to run concurrent with any anticipated state sentence, was rendered moot. In response, Defendant's counsel filed a notice of mootness before this Court, acknowledging that Defendant's state charges had been dismissed and withdrawing the first issue Defendant raised on appeal. Accordingly, this Court will not consider Defendant's first issue since it has become moot by the dismissal of the state charges.

## II.  Proof of Prior Convictions under the ACCA's "On Occasions Different" Clause

The ACCA subjects defendants convicted under § 922(g) to a mandatory minimum sentence of fifteen years if they have previously committed three or more violent felonies "on occasions different from one another."  18 U.S.C. § 924(e)(1).  This case concerns the designation of offenses as committed "on occasions different" under § 924(e)(1), which determines whether a defendant is subject to the ACCAs fifteen-year mandatory minimum.

On appeal, Defendant challenges the district court's finding that he is subject to the ACCA's fifteen-year mandatory minimum.  However, Defendant does not dispute the district court's determination that the above-stated Tennessee convictions constitute violent felonies. Rather, for the first time, Defendant contends that the Fifth and Sixth Amendments to the Constitution barred the district court from finding the facts needed to make the determination that his prior offenses occurred "on occasions different."  18 U.S.C. § 924(e)(1).  Thus, in Defendant's view, because the district court was barred from making these findings, the district court erred by designating Defendant an armed career criminal for purposes of calculating the applicable guidelines sentencing range.

Because Defendant raises this argument for the first time on appeal, we review it for plain error.[2]  *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc).  To succeed on plain-

---

[2] Even if the Defendant is correct in his assertion that the district court's decision to find that prior offenses occurred on different occasions is a constitutional error, it is not a structural error that requires automatic vacatur and thus is reviewable for plain error. *See Greer v. United States*, 141 S. Ct. 2090, 2099–2100 (2021) (determining that the omission of a single element from jury instructions or a plea colloquy is not a structural error and noting that structural errors are a "highly exceptional" and limited category of errors that affect the entire proceeding from start to end and include the "denial of counsel of choice, denial of self-representation, denial of a public trial, and failure to convey to a jury that guilt must be proved beyond a reasonable doubt" (quoting *United States v. Davila*, 569 U.S. 597, 611 (2013))).

error review, Defendant must prove: (1) there was an error (2) that was "clear or obvious" and (3) that affected his "substantial rights." *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have discretion to remedy the error, but only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)). With this standard in mind, we turn to whether the district court plainly erred when it found the facts necessary to the occasions-different inquiry.

Under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), a judge may find the "fact of a prior conviction," but all other "fact[s] that increase[] the penalty for a crime beyond the prescribed statutory maximum" must be included in the indictment and proved to a jury beyond a reasonable doubt. *Id.* at 490. Defendant argues that the factual findings necessary to the occasions-different inquiry fall under the *Apprendi* general rule, and therefore may be found only by a jury, and not by the sentencing judge. The government agrees with the Defendant that the fact that prior predicate offenses occurred on different occasions must be charged in an indictment and proven beyond a reasonable doubt to a jury, disagreeing with this Court's holding in *United States v. Burgin*, 388 F.3d 177, 186 (6th Cir. 2004). The government, however, recognizes that the *Burgin* decision remains binding precedent and argues that the district court did not plainly err in following this Circuit's precedent and finding the fact that Defendant's prior offenses occurred on different occasions.

In *Burgin*, this Court held that the facts governing the occasions-different inquiry are included in "the fact of a prior conviction," so they come within the *Apprendi* exception. 388 F.3d at 186. We have since reaffirmed this rule. *United States v. Williams*, 39 F.4th 342, 351 (6th Cir. 2022); *see also United States v. Belcher*, 40 F.4th 430, 432 (6th Cir. 2022); *see also United States*

*v. Lovell*, No. 20-6287, 2023 WL 1879530, at *3 (6th Cir. Feb. 10, 2023). The district court did not err—let alone plainly so—by applying this settled rule.

Resisting this conclusion, Defendant contends that the Supreme Court's decision in *Wooden v. United States*, 142 S. Ct. 1063 (2022), undermines this Court's prior decisions. However, the Supreme Court's holding in *Wooden* was merely limited to the fact specific assessment of whether the defendant's prior convictions occurred on a single occasion or on different occasions, and neither expressly nor implicitly addressed the constitutional question that Defendant raises here. *See Wooden*, 142 S. Ct. 1063, 1087 n.3 (2022) (noting that the Supreme Court has not yet addressed whether the Sixth Amendment requires that a jury, rather than a judge, resolve whether prior crimes occurred on a single occasion and declining to "address that issue because Wooden did not raise it."). A prior published panel decision "remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision." *Salmi v. Sec'y of Health & Human Servs*., 774 F.2d 685, 689 (6th Cir. 1985). Accordingly, this Circuit's recent published opinions continue to control the outcome of this issue.

## CONCLUSION

For the reasons stated above, we **AFFIRM** the judgment of the district court.