NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0124n.06

No. 22-5185

| | | |
|---|---|---|
| **UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT** | | **FILED**<br>Mar 10, 2023<br>DEBORAH S. HUNT, Clerk |

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| STANLEY JACKSON, III, | ) | |
| Defendant-Appellant. | ) | OPINION |

Before: MOORE, CLAY, and STRANCH, Circuit Judges.

**CLAY, Circuit Judge.** Defendant Stanley Jackson, III, appeals from the district court's judgment of conviction and sentence for possession with intent to distribute methamphetamine and fentanyl, in violation of 21 U.S.C. § 841(a)(1), and for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). For the reasons that follow, we **AFFIRM** the district court's judgment.

## BACKGROUND

In September 2021, Defendant pled guilty to possession with intent to distribute methamphetamine and fentanyl, in violation of 21 U.S.C. § 841(a)(1), and to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).

Defendant's presentence investigation report sets forth Defendant's criminal history. In 1986, Defendant was convicted of one count of robbery in the first degree in Fayette County, Kentucky. In 1998, Defendant was convicted of three counts of robbery in the first degree and two counts of complicity to commit robbery in the first degree, also in Fayette County. The 1998

convictions for the five robberies were charged in the same indictment. Of these five robberies, two occurred on July 19, one on July 21, one on July 24, and one on July 25, all in 1998. The robberies occurred at five locations: Super America, Shell Food Mart, Bryan Avenue Liquor Store, Electro Services, and Chevron.

Based on these prior convictions, the presentence report classified Defendant as an armed career criminal, under 18 § U.S.C. 924(e)(1), because he had at least three convictions for violent felonies committed "on occasions different." This finding raised Defendant's total offense level under the Sentencing Guidelines to 31, under § 4B1.4(b)(3). The presentence report assigned Defendant 15 criminal history points, which corresponds to a criminal history category of VI. An offense level of 31 and a criminal history category of VI resulted in a Guidelines range of 188 to 235 months of imprisonment.

Defendant objected to the presentence report's classification of him as an armed career criminal under 18 § U.S.C. 924(e)(1) and U.S.S.G. § 4B1.4(b)(3). He contended that his 1998 robbery convictions counted as only one predicate offense because they were committed in succession with no intervening arrests. The district court overruled Defendant's objection. It determined that Defendant's five 1998 robbery convictions each counted as a separate predicate offense because the robberies occurred on four different dates and at five different locations, and therefore were committed on different occasions.

Having overruled Defendant's objection, the district court calculated the applicable Sentencing Guidelines range to be 188 to 235 months, as set forth in the presentence report. The district court sentenced Defendant to 225 months of imprisonment. Defendant timely appealed.

**DISCUSSION**

Defendant's total offense level derived from § 4B1.4, which provides an offense-level enhancement for defendants whose criminal history qualifies them as "armed career criminals." The Guidelines Manual's definition of "armed career criminal" incorporates a standard provided by statute. U.S.S.G. § 4B1.4(a). A defendant is an "armed career criminal" for § 4B1.4 purposes if he "is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e)." *See id.* Section 924(e), in turn, subjects defendants convicted under § 922(g) to an enhanced mandatory minimum sentence of fifteen years if they previously have committed three or more violent felonies "on occasions different from one another." 18 U.S.C. § 924(e)(1). This case concerns the designation of offenses as committed "on occasions different" under § 924(e)(1), which determines whether a defendant is subject to § 4B1.4's offense level enhancement as an armed career criminal.

On appeal, Defendant challenges the district court's designation of Defendant as an armed career criminal. However, Defendant does not dispute the district court's determination that the five robberies of which he was convicted constitute violent felonies. Rather, for the first time, Defendant contends that the Constitution barred the district court from finding the facts needed to make the determination that his robberies occurred on different "occasions." *See* 18 U.S.C. § 924(e)(1). Thus, in Defendant's view, because the district court was barred from making these findings, the district court erred by designating Defendant an armed career criminal for purposes of calculating the applicable Sentencing Guidelines range.

Because Defendant raises this argument for the first time on appeal, we review it for plain error. *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc). To succeed on plain-error review, Defendant must prove: (1) there was an error (2) that was "clear or obvious" and

(3) that affected his "substantial rights." *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have discretion to remedy the error, but only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)). With this standard in mind, we turn to whether the district court plainly erred when it found the facts necessary to the occasions-different inquiry.

Under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), a judge may find the "fact of a prior conviction," but all other "fact[s] that increase[] the penalty for a crime beyond the prescribed statutory maximum" must be included in the indictment and proved to a jury beyond a reasonable doubt. *Id.* at 490. Defendant argues that the factual findings necessary to the occasions-different inquiry fall under the *Apprendi* general rule, and therefore may only be found by a jury, and not by the sentencing judge.

However, this Court has previously held that the facts governing the occasions-different inquiry are included in "the fact of a prior conviction," so they come within the *Apprendi* exception. *United States v. Burgin*, 388 F.3d 177, 186 (6th Cir. 2004). We have since reaffirmed this rule. *United States v. Williams*, 39 F.4th 342, 351 (6th Cir. 2022); *see also United States v. Belcher*, 40 F.4th 430, 432 (6th Cir. 2022); *see also United States v. Lovell*, No. 20-6287, 2023 WL 1879530, at *3 (6th Cir. Feb. 10, 2023). The district court did not err—let alone plainly so— by applying this settled rule.

Resisting this conclusion, Defendant contends that this line of cases was wrongly decided and should be overturned. But a prior published panel decision "remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision." *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985). Defendant has identified no change in law that

undermines our precedent on this question, and so we are bound by it.  *Cf. Wooden*, 142 S. Ct. 1063, 1068 n.3 (2022) (declining to address whether the Sixth Amendment requires that a jury, rather than a judge, resolve whether prior crimes occurred on a single occasion).

## CONCLUSION

For the reasons stated above, we **AFFIRM** the judgment of the district court.