NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0277n.06

No. 22-5603

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | **FILED** |
| Plaintiff-Appellee, | Jun 15, 2023 |
| | DEBORAH S. HUNT, Clerk |

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CALVIN COGDILL,

    Defendant-Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

OPINION

Before: CLAY, GRIFFIN, and DAVIS, Circuit Judges.

**CLAY, Circuit Judge.** Defendant Calvin Cogdill pleaded guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Based on Cogdill's three prior drug-trafficking convictions, the district court sentenced Cogdill to a fifteen-year mandatory-minimum sentence under the Armed Career Criminal Act. Cogdill appeals this sentence, arguing that the district court erred in concluding that two of his prior drug-trafficking offenses occurred on different "occasions." For the reasons that follow, we **AFFIRM** the district court's judgment.

## BACKGROUND

Cogdill pleaded guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). At the time Cogdill committed the offense, the offense carried a maximum penalty of ten years' imprisonment. *See* 18 U.S.C. § 924(a)(2) (2018) (amended 2022).

Relevant to Cogdill's sentencing, Cogdill had three prior drug-trafficking convictions: (1) a Georgia conviction for manufacturing methamphetamine, committed on December 18, 2003; (2) a Tennessee conviction for selling methamphetamine with co-defendant Jason Johns, committed on June 12, 2014; and (3) a Tennessee conviction for possessing methamphetamine with intent to sell or deliver, committed on September 15, 2014.

Based on these three drug-trafficking offenses, the presentence investigation report determined that the Armed Career Criminal Act's ("ACCA") fifteen-year mandatory minimum sentence applied. *See* 18 U.S.C. § 924(e)(1). Cogdill objected to the presentence investigation report on the ground that the two Tennessee drug-trafficking convictions did not occur on different "occasions" and therefore did not trigger the ACCA's mandatory minimum sentence. *See id.* In the alternative, Cogdill objected that the Fifth and Sixth Amendments to the Constitution bar a sentencing judge from finding the facts needed to satisfy the occasions-different clause.

The district court overruled Cogdill's objections and determined that the ACCA applied. The district court sentenced Cogdill to 180 months' imprisonment.

**DISCUSSION**

On appeal, Cogdill argues that his Tennessee drug-trafficking offenses do not trigger the ACCA because they did not occur on "occasions different from one another." *See* 18 U.S.C. § 924(e)(1). In the alternative, Cogdill argues that the Constitution bars the district court from finding the facts needed to make the occasions-different inquiry. We review both questions of law de novo. *United States v. Williams*, 39 F.4th 342, 344 (6th Cir. 2022) ("We review de novo whether [a defendant's] previous convictions qualify as predicate offenses under the ACCA."); *United States v. King*, 853 F.3d 267, 270 (6th Cir. 2017) ("We review *de novo* the issue of what

evidence a court may rely on when deciding whether prior offenses were 'committed on occasions different from one another' as that phrase is used in the ACCA.").

## I.

The ACCA's mandatory minimum applies to a person who violates 18 U.S.C. § 922(g) and has "three previous convictions . . . for a serious drug offense . . . committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Cogdill does not dispute that he has three previous convictions for serious drug offenses. Rather, Cogdill contends that the convictions based on the two Tennessee drug-trafficking offenses qualify as only one ACCA predicate offense because they were not committed on different occasions.

The Supreme Court addressed the issue of when the offenses underlying previous convictions were committed on the same "occasion" in *Wooden v. United States*, 142 S. Ct. 1063, 1069 (2022). In one evening, Wooden burglarized ten units in a storage facility, proceeding from unit to unit by crushing the interior walls between them. *Id.* at 1067. The Supreme Court held that these burglaries occurred on one occasion, not ten separate occasions. *Id*. at 1069. The Court defined an occasion as a single "event, occurrence, happening, or episode," and explained that determining whether offenses occurred on separate occasions is a "multi-factored" inquiry. *Id*. at 1069–70. Relevant factors include timing, proximity of location, and "the character and relationship of the offenses." *Id*. at 1071. To determine whether Cogdill's Tennessee offenses occurred on different occasions, we apply the factors from *Wooden.*

"Offenses committed close in time, in an uninterrupted course of conduct, will often count as part of one occasion; not so offenses separated by substantial gaps in time or significant intervening events." *Id*. Cogdill's two Tennessee drug offenses occurred on two different dates, separated by more than three months: June 12, 2014, and September 15, 2014. We have held that

significantly smaller time gaps between offenses supported the conclusion that the offenses occurred on different occasions. *See Williams*, 39 F.4th at 344, 350 (holding that four robberies occurred on four separate occasions because the robberies were each separated by at least six days); *United States v. Miles*, 2022 U.S. App. LEXIS 11214, at *4–5 (6th Cir. Apr. 25, 2022) (order) (holding that three illicit drug transactions on three different days over the span of 23 days constituted three ACCA predicate offenses because the offenses were separated by substantial gaps in time). Accordingly, this factor weighs in favor of a conclusion that the offenses occurred on separate occasions.

As to proximity, "the further away crimes take place, the less likely they are components of the same criminal event." *Wooden*, 142 S. Ct. at 1071. In this case, the record shows that the Tennessee drug offenses both occurred in Bradley County, Tennessee. Because the exact locations are unknown, Cogdill argues that they could have been committed in the same location. The district court correctly determined that it could make no finding on this factor.

As for the character of the offenses, "[t]he more similar or intertwined the conduct giving rise to the offenses—the more, for example, they share a common scheme or purpose—the more apt they are to compose one occasion." *Id*. Cogdill argues that the Tennessee offenses shared a "common purpose" of trafficking in methamphetamine. In support, Cogdill contends that these offenses meet the test for "relevant conduct" under the sentencing guidelines. *See* U.S.S.G. § 1B1.3(a)(2). But the inquiry under the sentencing guidelines is distinct from the inquiry under *Wooden. Compare* U.S.S.G. § 1B1.3 comment. (n.5(B)(ii)) (noting that offenses may be "relevant conduct" if they are "part of a single episode, spree, or ongoing series of offenses"), *with Wooden*, 142 S. Ct. at 1069 (defining an "occasion" to mean an "event, occurrence, happening, or episode"). While Cogdill's Tennessee offenses both involved the trafficking of methamphetamine, they do

not share a common scheme in the same way as in *Wooden*, wherein the defendant serially burglarized each storage unit in the exact same manner. We have held that drug transactions similar to the two at issue in this case may constitute multiple ACCA predicate offenses when separated by substantial gaps in time. *See Miles*, 2022 U.S. App. LEXIS 11214, at *4–5 (holding that two counts of first-degree trafficking in a controlled substance involving two sales of oxycodone tablets to the same cooperating witness, fourteen days apart, constituted two ACCA predicate offenses). Therefore, this factor weighs in favor of a conclusion that the offenses occurred on separate occasions.

The Supreme Court has explained that "[i]n many cases, a single factor—especially of time or place—can decisively differentiate occasions." *Wooden*, 142 S. Ct. at 1071. "Courts, for instance, have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart." *Id.* Given the substantial gap in time between Cogdill's Tennessee drug offenses and the distinct conduct underlying the offenses, the offenses were committed on different occasions under the ACCA.

Resisting this conclusion, Cogdill looks to legislative history to claim that ACCA's enhancement was only meant to apply to "recidivists," and argues that the lack of an arrest or other significant intervening event between the Tennessee offenses supports a finding that the two offenses did not occur on different occasions. However, the occasions-different clause does not reference either recidivism or criminal-justice-system intervention. *See* 18 U.S.C. § 924(e)(1). Nor does *Wooden*'s "multi-factor" test include intervening arrests. Rather, *Wooden* directs courts to determine whether the convictions satisfy the ordinary meaning of a single "occasion" by looking to facts underlying the convictions like location, timing, and whether the offenses were

intertwined. *Wooden*, 142 S. Ct. at 1070–71. We cannot add a requirement to the statute based on legislative history.

**II.**

In the alternative, Cogdill argues that the Constitution bars the district court from finding the facts needed to conduct the occasions-different inquiry.

Under *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), a judge may find the "fact of a prior conviction," but all other "fact[s] that increase[] the penalty for a crime beyond the prescribed statutory maximum" must be included in the indictment and proved to a jury beyond a reasonable doubt. Cogdill argues that the factual findings necessary to the occasions-different inquiry fall under the *Apprendi* general rule, and therefore may only be found by a jury, and not by the sentencing judge.

Cogdill acknowledges, however, that circuit precedent forecloses the argument. We have previously held that the facts governing the occasions-different inquiry are included in "the fact of a prior conviction," so they come within the *Apprendi* exception. *United States v. Burgin*, 388 F.3d 177, 186 (6th Cir. 2004). We have since reaffirmed this rule. *Williams*, 39 F.4th at 351; *see also United States v. Belcher*, 40 F.4th 430, 432 (6th Cir. 2022); *United States v. Jackson*, No. 22-5185, 2023 WL 2446139, at *2 (6th Cir. Mar. 10, 2023); *United States v. Hunley*, No. 20-6285, 2023 WL 2446762, at *3 (6th Cir. Mar. 10, 2023); *United States v. Lovell*, No. 20-6287, 2023 WL 1879530, at *3 (6th Cir. Feb. 10, 2023). The district court correctly applied this settled rule.

Cogdill challenges this precedent by arguing that those cases either came before or overlooked two Supreme Court cases that make clear that the occasions-different inquiry is for the jury: *United States v. Hayes*, 555 U.S. 415 (2009), and *Nijhawan v. Holder*, 557 U.S. 29 (2009). A panel may overrule a prior binding precedent if the "precedent overlooked earlier Supreme Court

authority." *Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 720 (6th Cir. 2016). However, the cases Cogdill identifies provide no authority to revisit our binding precedent because neither case involved the ACCA or the occasions-different inquiry. *See United States v. Cook*, No. 22-5056, 2022 WL 4684595, at *2 (6th Cir. Oct. 3, 2022). Nor does *Wooden* alter this precedent. *See Wooden*, 142 S. Ct. at 1068 n.3 (declining to address whether the Sixth Amendment requires that a jury, rather than a judge, resolve whether prior crimes occurred on a single occasion).

## CONCLUSION

For the reasons stated above, we **AFFIRM** the district court's judgment.